Reversed and Rendered and Opinion filed August 31, 2004









Reversed and Rendered and Opinion filed August 31,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01091-CV

____________

 

CITY OF KEMAH, Appellant

 

V.

 

GABRIEL VELA, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 02CV1010

 



 

O P I N I O N








Appellee Gabriel Vela was injured while
sitting in a City of Kemah police officer=s patrol car when
a truck ran into another patrol car that was parked behind Vela, pushing it
into the patrol car Vela was in.  Vela
sued the City of Kemah and the truck driver for negligence.  Appellant, the City of Kemah, appeals the
trial court=s denial of its plea to the jurisdiction,
contending Vela failed to establish a waiver of the City=s sovereign
immunity.  We hold sovereign immunity was
not waived in this case because the facts show that Vela=s injuries were
not caused by the Ause@ of the officer=s patrol car.  Rather, the car merely furnished the use that
made Vela=s injuries possible.  As a result, we reverse the court=s order denying
the plea to the jurisdiction and render judgment dismissing Vela=s suit for want of
jurisdiction.

FACTUAL BACKGROUND

One afternoon in August of 2001, City of
Kemah police officer Douglas Ozburn was on duty in his patrol car when he saw
Vela drive past him in a car with an expired motor vehicle registration
sticker.  Officer Ozburn pulled his
patrol car behind Vela and activated his overhead emergency lights.  Vela, intending to turn into a gas station on
the left side of the highway, drove into a left turn lane of Highway 146.  As Vela waited in traffic to turn, Officer
Ozburn stopped his vehicle behind Vela=s and approached
him, requesting his driver=s license and
proof of insurance.  

During the traffic stop, Officer Ozburn
discovered Vela had an outstanding traffic warrant.  He arrested Vela, put him in handcuffs, and
placed him in the back seat of his patrol car. 
Another on-duty Kemah police officer, Michael Shafer, arrived and parked
his patrol car behind Officer Ozburn=s.  The emergency overhead lights of both patrol
cars were lit. 

Within minutes after Officer Ozburn placed
Vela in his patrol car, a truck, operated by Harold Starnes, drove into the
back of Shafer=s patrol car.  The collision pushed Officer Shafer=s car into the
back of Ozburn=s car, in which Vela was seated.  Vela was injured and was taken by ambulance
to a hospital.  At the time of the
collision, neither officer was in the car. 









In August of 2002, Vela sued the City and
Starnes for negligence.  Vela alleged
that the City was liable for his injuries under section 101.021 of the Texas
Tort Claims Act.  See Tex. Civ. Prac. & Rem. Code '' 101.001B.109.  The City answered and asserted governmental
immunity.  Several months later, the City
filed a AMotion for Summary
Judgment, or Alternative Plea to the Jurisdiction.@  In the motion, the City contended that Vela
failed to invoke the trial court=s subject matter
jurisdiction over his claims.  The City
also presented evidence to dispute Vela=s allegations.  The City=s motion was supported by (1) excerpts from Vela=s deposition, (2) excerpts from
Starnes= deposition, (3) the affidavit of
Deputy C.B. Cook of the Galveston County Sheriff=s Department, who investigated the
accident, (4) the affidavit of Kathy Pierce, the City Secretary of the City of
Kemah, and (5) the affidavit of Officer Shafer.  On July 25, 2003, Vela amended his petition
to add a claim that the trial court also had jurisdiction over his claims under
section 101.0215(a)(1) of the Tort Claims Act, alleging the City was liable for
damages arising from its governmental functions of police protection and
control. 

Also in July, the trial court held a
hearing on several motions filed by Vela, including a second motion for
continuance of the City=s jurisdictional challenge, a motion to
compel Officer Shafer=s deposition, and a motion for
sanctions.  At this hearing, the trial
court directed the parties to work out an agreement to depose Shafer within
forty-five days.  The trial court also
extended the docket control order=s discovery
deadline for an additional sixty days. 
On September 18, 2003, the trial court signed an order denying the City=s plea to the
jurisdiction.  The order reflected that
the parties appeared on September 8, 2003, for a pretrial conference and
informed the court Shafer=s deposition had not been obtained and,
therefore, discovery was incomplete. 
This interlocutory appeal followed.

ANALYSIS

In a single issue, the City contends the
trial court erred in denying its plea to the jurisdiction because (1) Vela did
not allege or establish facts demonstrating that he complied with the Tort
Claims Act=s notice provision or that the City
received actual notice; (2) Vela did not allege or establish facts
demonstrating that his injury was the result of a city employee=s wrongful act,
omission, or negligence, or that it resulted from the operation or use of a
motor vehicle; and (3) the City is not liable to Vela because its police
officers are entitled to official immunity. 
Because we find that Vela=s injuries were
not caused by the officers= operation or use
of the patrol vehicles, we reverse and render judgment dismissing Vela=s suit for want of
jurisdiction.

 

 








1.       Standard
of Review

A unit of state government is immune from
suit unless the state consents.  Tex.
Dep=t of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999).  Governmental immunity
from suit defeats a court=s subject matter jurisdiction, and is
properly asserted in a plea to the jurisdiction.  Id. at 638B39.  The trial court must determine at its
earliest opportunity whether it has the constitutional or statutory authority
to decide the case before allowing the litigation to proceed.  Tex. Dept. of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court=s jurisdiction by alleging a valid waiver
of immunity.  Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To determine if the plaintiff has met that
burden, Awe consider the
facts alleged by the plaintiff and, to the extent it is relevant to the
jurisdictional issue, the evidence submitted by the parties.@  Tex. Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864,
868 (Tex. 2001).  

Whether a court has subject matter
jurisdiction is a question of law.  Miranda,
133 S.W.3d at 226.  Whether a pleader has
alleged facts that affirmatively demonstrate a trial court=s subject matter
jurisdiction is a question of law reviewed de novo.  Id. 
Likewise, whether undisputed evidence of jurisdictional facts
establishes a trial court=s jurisdiction is also a question of law.  Id. 

When a plea to the jurisdiction challenges
the pleadings, we determine if the pleader alleged facts affirmatively
demonstrating the court=s jurisdiction to hear the case.  Miranda, 133 S.W.3d at 226.  We construe the pleadings liberally in favor
of the plaintiff and look to the pleader=s intent.  Id. 
However, if a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised, just as the trial
court is required to do.  Id. at
227. 








When a jurisdictional challenge implicates
the merits of a plaintiff=s cause of action and the plea to the
jurisdiction includes evidence, the trial court reviews the relevant evidence
to determine if a fact issue exists.  Id.
If the evidence creates a fact question regarding the jurisdictional issue,
then the trial court cannot grant the plea to the jurisdiction, and the fact
issue will be resolved by the fact finder. 
Id. at 227B28. 
However, if the relevant evidence is undisputed or fails to raise a fact
question on the jurisdictional issue, the trial court rules on the plea to the
jurisdiction as a matter of law.  Id.
at 228.

2.       The
Texas Tort Claims Act=s Limited Waiver
of Immunity

The Texas Tort Claims Act provides a
limited waiver of sovereign immunity.  See
Miranda, 133 S.W.3d at 224; Tex.
Civ. Prac. & Rem. Code '' 101.001B.109.  Under the Tort Claims Act, a governmental
unit in the state is liable for:

(1) property damage, personal
injury, and death proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of employment if:

(A) the property damage, personal
injury, or death arises from the operation or use of a motor‑driven
vehicle or motor‑driven equipment; and

(B) the employee would be
personally liable to the claimant according to Texas law; an d

(2) personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law. 

Tex. Civ. Prac. & Rem.
Code ' 101.021.  The Texas Supreme Court recently reaffirmed
that the Tort Claims Act=s limited waiver of sovereign immunity
allows suits to be brought against governmental units Aonly in certain,
narrowly defined circumstances.@  Tex. Dept. of Criminal Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001) (citing Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998)). 

3.       Vela=s Allegations do
not Allege Facts that Constitute a Waiver of Immunity based on the Use or
Operation of Patrol Cars

a.       Vela
claims immunity was waived because Officer Ozburn put him in a negligently
parked car, which caused his injuries.








In his First Amended Original Petition,
Vela alleged that he was a backseat passenger in a City of Kemah police vehicle
that was illegally parked in the turning lane when Starnes= vehicle struck
it, causing his injuries.  Vela alleged
the City was liable under section 101.021 of the Tort Claims Act Afor personal
injury caused by the negligence of an employee arising from the operation or
use of a motor driven vehicle and the employee would be personally liable to
the claimant according [to] Texas Law.@  The only specific facts alleged in support of
this claim are that the City was negligent by stopping, standing, or halting
its motor vehicle on a public highway, State Highway 146.  Similarly, Vela alleges that the City was
liable under section 101.0215(a)(1) of the Tort Claims Act for damages arising
from its governmental functions of police protection and control by negligently
stopping, standing, or halting its police units in a designated turning lane on
State Highway 145, a public roadway, while making a traffic stop.[1]  Although not explicit from the pleadings
alone, a review of the pleadings and the record reveals that the thrust of Vela=s complaint is
that the City=s police officers negligently parked or
stopped their patrol vehicles in the turning lane of Highway 146, and but for
their operation or use of the patrol vehicle to house Vela upon his arrest, the
accident causing Vela=s injuries would not have occurred. 








The Legislature did not define the words Aoperation@ and Ause@ in section
101.021 of the Tort Claims Act; that task has been left to the courts.  The Texas Supreme Court has defined Aoperation@ to refer to A>a doing or
performing of a practical work,=@ and Ause@ to mean A>to put or bring
into action or service; to employ for or apply to a given purpose.=@  LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49,
51 (Tex. 1992) (citing Mount Pleasant Indep. Sch. Dist. v. Estate of
Lindberg, 766 S.W.2d 208, 211 (Tex. 1989)).

b.       For
liability to attach, the use of the car must have caused the injury.

For liability to attach, the use of the
car A>must have actually
caused the injury.=@  Whitley, 104 S.W.3d at 543 (citing White,
46 S.W.3d at 869).  The operation or use
of a motor vehicle A>does not cause
injury if it does no more than furnish the condition that makes the injury
possible.=@  Id. (citing Dallas County Mental
Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.
1998)); see also Union Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex.
1995) (ALegal cause is not
established if the defendant=s conduct or
product does no more than furnish the condition that makes the plaintiff=s injury possible.@).  Thus, if the patrol cars merely furnished the
condition that made Vela=s injuries possible, the City has not
waived immunity under the Tort Claims Act.

Under these facts, the patrol cars merely
furnished the condition that made Vela=s injuries
possible.  Vela is not complaining that
putting him in a patrol car following his arrest was negligent; he contends the
officers acted negligently when they placed him in an improperly parked patrol
car.  But, this did not cause Vela=s injuries.  Starnes caused Vela=s injuries when he
ignored the flashing lights of two police cars and ran into Officer Shafer=s patrol car.  See Whitley, 104 S.W.3d at 543;
Bossley, 968 S.W.2d at 343; LeLeaux, 835 S.W.2d at 52.  The alleged operation or use of the patrol
vehicle did no more than furnish the condition that made the injury
possible.  See Whitley, 104 S.W.3d
at 543.  When an injury does not arise
out of the use or operation of the vehicle, and the vehicle is only the setting
for the injury, immunity for liability is not waived.  See LeLeaux, 835 S.W.2d at 52.








Our conclusion is consistent with the
Texas Supreme Court=s instruction that the Tort Claims Act=s waiver of
sovereign immunity is a limited one.  See
Miller, 51 S.W.3d at 587; LeLeaux, 835 S.W.2d at 51.  It is also consistent with the Court=s analysis in the LeLeaux
case, which we find particularly instructive. 
In LeLeaux, a high school student was injured when she hit her
head while trying to close the back door of a school bus.  The accident occurred while the student was
on a school band trip to compete in a marching contest.  Neither the driver nor anyone else was on the
bus, and the engine was not running.  Id.
at 50.  The student jumped into the rear
doorway to close the rear door of the bus and hit her head on the door
frame.  Id. at 50.  The student sued the school district and bus
driver for damages, arguing that the school district=s sovereign
immunity was waived under the Tort Claims Act. 
She alleged that the school district negligently operated and used
school buses because it loaded and unloaded band students and their instruments
through the emergency rear doors of the buses. 
Id. at 51B52. 

The LeLeaux court noted that the
bus was not in operation.  It was parked;
it was empty; and the motor was off.  As
a result, the court concluded that the bus was not being operated or used; it
was merely the place where the student was injured.  Id. at 51.  Assuming the school district was negligent as
alleged, the student=s injuries did not, as a matter of law,
arise from that use, because the manner in which school district employees
loaded and unloaded students had nothing to do with her injuries.  Id. at 52. 
Instead, she was injured because she jumped up into the bus to try to
close the back door.  Id.  This case is like that. 

The Kemah police officers were not in or
operating their patrol carsCVela was merely
sitting in one when the accident occurred. 
Although the officers used one car to house Vela after his arrest, it
was not this use of the car that caused his injuries; Starnes injured Vela by
colliding with Officer Shafer=s patrol car.  With Leleaux as precedent, we must
conclude that sovereign immunity is not waived.

4.       The
Uncompleted Discovery was not a Reason to Deny the Plea to the Jurisdiction

Vela also argues that the trial court
properly denied the City=s plea to the jurisdiction because the
City repeatedly refused to present Officer Shafer for deposition after relying
in part on his affidavit to support the plea. 
Vela points out that the trial court at one point directed the City to
produce Officer Shafer.  








The trial court=s order denying
the City=s plea to the
jurisdiction reflects that the parties appeared on September 8, 2003, for a
pretrial conference and informed the court that Shafer=s deposition had
not been obtained and, therefore, discovery was incomplete.  We think the trial court was wrong to deny
the plea for this reason.  The facts
relating to the use of the patrol cars are undisputed, and nothing could be
gained from deposing Officer Shafer on this issue.[2]  The only information Vela identifies that
could be gained from Shafer=s deposition is
whether Officer Shafer was Ausing@ the patrol car to
temporarily house Vela.  We have assumed
this for our review.  Given these
undisputed facts, no additional discovery is needed for us to conclude that, as
a matter of law, sovereign immunity is not waived because Vela=s injuries were
not caused by the operation or use of the patrol vehicles as required under the
Texas Tort Claims Act.[3]

We hold that the trial court erred in
denying the City=s plea to the jurisdiction.  We reverse the judgment of the trial court
and render judgment dismissing Vela=s suit against the
City for want of jurisdiction.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Opinion filed August 31, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.











[1]  Vela also
contends that the trial court properly denied the City=s plea to the jurisdiction because he alleged an
independent ground for waiver of sovereign immunity under section 101.0215,
which provides that a municipality is liable under the Tort Claims Act for
damages arising from its governmental functions, including police protection
and control.  See Tex. Civ. Prac. & Rem. Code ' 101.0215(a)(1). 
However, this section merely provides a nonexclusive list of
governmental functions for which a municipality may be held liable under the
Tort Claims Act generally; it does not provide an independent basis for a
waiver of governmental immunity.  McKinney v. City of Gainesville, 814
S.W.2d 862, 865 (Tex. App.CForth Worth 1991, no writ).  To hold a municipality liable under section
101.0215, liability must still arise out of one of the specific areas of waiver
listed under section 101.021.  City of
Houston v. Rushing, 7 S.W.3d 909, 914 (Tex. App.CHouston [1st Dist.] 1999, pet. denied). 





[2]   We recognize
an anomaly exists in allowing the City to use Officer Shafer=s testimony to help it prove its claim of immunity
when Vela had unsuccessfully tried to obtain his testimony.  In this case, the anomaly did not result in
an inequity because no factual dispute existed regarding the use of the patrol
cars.  Had a fact issue existed on this,
the deposition would have been necessary. 
Since no fact issue existed, his deposition was irrelevant to our
analysis.





[3]  Because of our resolution of this
issue, we need not address the City=s remaining issues.