Opinion issued December 8, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00218-CV




THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER, Appellant

V.

TERRY SCHROEDER, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2002-15437




O P I N I O N

          Appellant, the University of Texas Health Science Center (UT), brings this
interlocutory appeal from the trial court’s denial of its plea to the jurisdiction in favor
of appellee, Terry Schroeder. In three issues on appeal, UT argues that the trial court
erred in denying its plea to the jurisdiction because (1) the only use of tangible
personal property alleged to have caused injury was used by a student and not an
employee; (2) the negligent supervision claim had no allegation or showing that any
of UT’s employees used tangible personal property which caused injury; and (3) the
injuries complained of were not caused by the negligent use of tangible personal
property. 
          We reverse the cause and render judgment.
Background
          In January 1998, Schroeder’s doctor referred her to UT for the treatment of
gum disease. A graduate student, Dr. Nicholas Tsoukalas, was assigned to handle
Schroeder’s gum disease under the supervision of Dr. Frederick Silverman. Dr.
Tsoukalas recommended that Schroeder undergo a full mouth reconstruction that
consisted of (1) the grafting of gum tissue; (2) crown lengthening surgeries; (3)
multiple tooth preparations; and (4) the crowning of prepared teeth. The dental
procedures took over two and one-half years to complete and cost Schroeder over
$16,000, payable to UT. Schroeder also alleged that she paid an additional $100,000
to doctors outside UT. 
          Schroeder sued UT in March 2002, alleging medical malpractice. In her first
amended petition, she added a claim of battery against Dr. Frederick Silverman. On
November 20, 2003, UT filed its plea to the jurisdiction. UT and Silverman also filed
a motion for summary judgment on January 27, 2004. The trial court denied UT’s
plea to the jurisdiction on February 18, 2004.


 UT filed a motion for reconsideration,
which the trial court denied on March 13, 2004. UT appeals from this order.
Governmental Immunity



          As a governmental unit, UT is immune from suit unless it consents to suit. See
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); Tex. Civ.
Prac. & Rem. Code Ann. § 101.001(3) (Vernon 2005) (defining “governmental
unit”). Governmental immunity from suit defeats a trial court’s subject-matter
jurisdiction. Whitley, 104 S.W.3d at 542. In a suit against a governmental unit, a
plaintiff must, therefore, affirmatively demonstrate the trial court’s jurisdiction by
alleging facts demonstrating a waiver of immunity. Id. In our review of the trial
court’s rulings on UT’s plea to the jurisdiction based on governmental immunity, we
determine, from the facts alleged by the plaintiff and from the evidence relevant to
the jurisdictional issues, whether the plaintiff’s claims fall within a waiver of
immunity. Id.
          Under the Texas Tort Claims Act (TTCA), a state governmental unit, such as
UT, is liable for personal injuries “caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2) (Vernon 2005); see id. § 101.025 (Vernon 2005) (waiving governmental
immunity from suit “to the extent of liability created by this chapter”). The Supreme
Court of Texas has held that “the Tort Claims Act does not create a cause of action;
it merely waives sovereign immunity as a bar to a suit that would otherwise exist.” 
City of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997).
          Contentions of the Parties
          In its plea to the jurisdiction, UT argued that Schroeder did not plead facts that
showed a waiver of UT’s immunity. Specifically, UT pointed out that Dr. Tsoukalas
was not an employee of UT, a necessary prerequisite to waiver of immunity. UT also
asserted that no waiver occurred because Schroeder’s injuries were not caused by the
negligent use of personal property.
          Attached to UT’s plea to the jurisdiction is an affidavit by Robert L.
Engelmeier, the Director of the Graduate Prosthodontic Program at UT. Dr.
Engelmeier’s affidavit states that none of the students in the program receive any
compensation from UT. “The students are responsible for paying tuition and fees to
UT.” It describes the school’s function as follows: 
Anyone in the general public needing dental treatment can apply to UT
to become one of its ‘teaching cases’ as part of its educational program
in graduate studies. Those persons which qualify as ‘teaching cases’ are
accepted as such and are offered reduced fee services. However, on the
average, only about one applicant in ten qualify as ‘teaching cases’. Ms.
Terry Schroeder was accepted as a ‘teaching case’. 

          The affidavit also states that, “Since December, 1999 [Dr. Silverman] has had
no involvement whatsoever with any of the graduate Prosthodontics Department
cases, including Ms. Terry Schroeder’s.” Finally, the affidavit states, “Dr. Nicholas
Tsoukalis was a student at UT paying tuition for and studying under the Graduate
program. At no time was Dr. Tsoukalis ever employed by UT or paid any wages,
earnings or any other money by UT.” 
          Dr. Silverman’s deposition was also attached to UT’s plea to the jurisdiction. 
When asked if he did any hands-on work with Ms. Schroeder, Dr. Silverman
answered, “no.” 
          In response to UT’s plea to the jurisdiction, Schroeder states that Dr. Tsoukalas
primarily treated her. She states that Dr. Silverman “participated in the analysis,
creation and implementation of the treatment plan.” She alleges that “Dr. Silverman
had the right to control the physical details of Tsoukalas’ work.” In her response,
Schroeder states that the basis of her malpractice claim was that the treatment plan
was wholly unnecessary. She further states that “the gist of Plaintiff’s complaint is
that UT embarked on an unnecessary course of care (crowning the teeth) based upon
a misdiagnosis or no diagnosis at all.” She argues that under section 101.021(2), the
statute does not contain any explicit “paid employee” language. Rather, the statute
requires only a showing that the governmental entity would be liable if it were a
private person. Attached to Schroeder’s response is a deposition transcript from Dr.
Silverman in which he testified that 100% of the work on Ms. Schroeder was done
by Dr. Tsoukalas. Dr. Silverman admitted that he did have responsibility within the
UT educational guidelines to monitor the work that Dr. Tsoukalas performed on Ms.
Schroeder and that he was responsible for seeing that Dr. Tsoukalas “was prepared
for the procedures for that day” and “to see that those procedures were performed.”
          Paid Employee
          In its first issue on appeal, UT argues that the trial court erroneously denied its
plea to the jurisdiction because Dr. Tsoukalas was a student and was not a paid
employee of UT. 
          As addressed above, to waive UT’s governmental immunity, Schroeder had to
allege facts that demonstrated UT’s waiver of governmental immunity. Schroeder
predicated UT’s waiver of governmental immunity on section 101.021(2) of the
TTCA. Section 101.021 provides that a governmental unit in the state is liable for:
 
                    (1)     property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:
 
                              (A)    the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or
motor-driven equipment; and
 
                              (B)    the employee would be personally liable to the claimant
according to Texas law; and
 
                    (2)     personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to
Texas law. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A)(B), (2). 
          The Act defines an “employee” as: 
a person, including an officer or agent, who is in the paid service
of a governmental unit by competent authority, but does not
include an independent contractor, an agent or employee of the
independent contractor, or a person who performs tasks the
details of which the governmental unit does not have the legal
right to control.

Tex. Civ. Prac. & Rem. Code Ann. § 101.001(2) (Vernon 2005).
          The evidence indisputably shows that Dr. Tsoukalas was a graduate student at
UT and received no compensation from UT. Schroeder does not argue to the
contrary. Rather, Schroeder asserts that subsection two of section 101.021 is different
from subsection one because subsection two does not contain the term, “paid
employee,” thus indicating the legislature’s intent that “paid employee” is not a
prerequisite to waive UT’s governmental immunity. 
          Although the term “paid employee” is not contained within subsection two, the
Supreme Court of Texas has interpreted subsection two of section 101.021 to require
that a governmental employee use the tangible personal property. See San Antonio
State Hosp. v. Cowan, 128 S.W.3d 244, 246 (Tex. 2004) (holding that the
requirement of a governmental unit itself to be the user “is not expressly stated in
section 101.021, but we have read it into section 101.021(1), which waives immunity
for the use of motor-driven vehicles and equipment, and there is no reason to construe
‘use’ differently in section 101.021(2).”); DeWitt v. Harris County, 904 S.W.2d 650,
653–54 (Tex. 1995). Accordingly, we hold that Schroeder did not demonstrate a
waiver of governmental immunity by UT.
          We sustain UT’s first issue on appeal.
          Negligent Supervision
          In its second issue on appeal, UT contends that the trial court erred in denying
its plea to the jurisdiction on Schroeder’s negligent supervision claim. Schroeder
contends that even if Dr. Tsoukalas was not UT’s employee, UT waived its immunity
because a paid employee (Dr. Silverman) failed to “competently supervise a state
student who, in turn, injures another with tangible personal property.” Schroeder
cites to Texas A&M Univ. v. Bishop, 105 S.W.3d 646, 656 (Tex. App.—Houston
[14th Dist.] 2002). When Schroeder filed her brief, the Bishop opinion from our
sister court was still good law. Since then, however, the supreme court has reversed
the Bishop opinion. See Texas A&M Univ. v. Bishop, 156 S.W.3d 580 (Tex. 2005). 
The supreme court’s opinion stated that “To the extent Bishop claims the faculty
advisors allowed the Wonios to provide the knife by failing to properly supervise the
production, such negligent supervision, without more, does not constitute a ‘use’ of
personal property that would waive TAMU’s immunity under section 101.021(2).” 
Id. at 583. 
          Moreover, we have previously held that allegations of negligent supervision
do not satisfy the limited waiver of immunity contained within the act. Texas Dep’t
of Family & Protective Servs. v. Atwood, No. 01–02–01108–CV, 2004 WL 2823135,
at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, pet. denied); City of Houston
v. Rushing, 7 S.W.3d 909, 915 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)
(referencing Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)). 
          Here, the gravamen of Schroeder’s complaints amount to negligent supervision. 
In her second amended petition, Schroeder asserted claims for medical malpractice
under the TTCA. Specifically, she alleged that “Defendants’ recommendation to
undergo a full mouth reconstructive course of care was not reasonable.” She asserted
that “defendant used tangible personal property belonging to the State to accomplish
the crowning.” She further asserted that,
The persons who committed the acts complained of herein are 1)
Silverman because he approved of the treatment plan and was the
supervising faculty member responsible for the creation and
implementation of Plaintiff’s treatment plan and 2) Nick
Tsoukalas because he devised and implemented the treatment
plan.
 
          She further asserted that UT is liable because
Plaintiff’s claim involves: 1) personal injury caused by the
negligence and negligent supervision of an employee acting
within his scope of employment, 2) the personal injury was
caused by a condition or use of tangible personal property and 3)
the governmental unit, were it a private person, would be liable
to Plaintiff according to Texas law. 

Moreover, in her response to UT’s plea to the jurisdiction, Schroeder admitted that
her “claim is predicated on the actions, supervision and legal responsibility of a State
paid employee. Indeed, when push comes to shove, Tsoukalas was merely an agent
appointed by UT, supervised by its paid employee, to perform dental services for
which UT received payment.”


 
          Claims of negligent supervision by UT or the supervising doctor are not
actionable against UT because negligent supervision claims do not constitute a
premise defect or the condition or use of property claim, and thus the Act does not
waive sovereign immunity for such claims. See Bishop, 156 S.W.3d at 583; Atwood,
2004 WL 2823135, at *3–4; Texas Dep’t of Public Safety v. Petta, 44 S.W.3d 575,
581 (Tex.2001).


 
          Because we conclude that Dr. Tsoukalas was not a paid employee of UT and
that Schroeder’s claims of negligent supervision do not waive UT’s immunity, we
hold that UT’s immunity has not been waived. Accordingly, the trial court abused its
discretion when it denied UT’s plea to the jurisdiction.
          We sustain UT’s second issue on appeal.
          Because we sustain UT’s first and second issues on appeal, we need not
address UT’s third issue on appeal, which asserts that the trial court erred in granting
UT’s plea to the jurisdiction because Schroeder did not allege or show that the
injuries complained of were caused by the negligent use of tangible personal property. 
See Tex. R. App. P. 47.1.
 
 
 
 
 
 
 
 
 
Conclusion
          Schroeder’s petition does not allege a cause of action that falls within any of
the three categories in which the TTCA waives the sovereign immunity afforded to
UT. The trial court, therefore, erred in denying UT’s plea to the jurisdiction. 
Accordingly, we reverse the judgment of the trial court and render judgment
dismissing Schroeder’s suit against UT for want of jurisdiction.


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.