11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Ector
County

Appellant

Vs.                   No. 11-03-00356-CV -- Appeal from Ector County

Danny
Breedlove and Diane Breedlove

Appellees

 

After heavy rains in October 2000, Danny and Diane
Breedlove=s home
was flooded.  They sued Ector County,
claiming that (1) Ector County, in performing its road and ditch work,
negligently increased the grade near their home to the extent that water would
not drain away from their residence, (2) Ector County negligently installed
drainage culverts near other properties and failed to place a culvert near
their property, (3) Ector County=s
right-of-way and drainage ditches constituted a premises defect, and (4) Ector
County employees=
negligent operation and use of motor-driven vehicles or motor-driven equipment
proximately caused the flooding to the Breedlove home.

The trial court granted Ector County=s plea to the jurisdiction with regard
to the Breedloves= claims
of negligence in performing road and ditch grade work, negligence in installing
or failing to install drainage culverts, and premises defect.  The trial court denied Ector County=s plea with regard to the Breedloves= claim that their flood injury arose
from Ector County=s
operation or use of motor-driven equipment. 
Ector County filed this interlocutory appeal from that denial.[1]  We reverse and render judgment for Ector
County, dismissing the Breedloves=
claim.

                                                               Standard
of Review

Governmental immunity from suit defeats a court=s subject matter jurisdiction. Texas
Department of Transportation v. Jones, 8 S.W.3d 636, 638 (Tex.1999).  Whether a court has subject matter
jurisdiction is a legal question that we review de novo.  State ex rel. State Department of Highways
and Public Transportation v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002).  








The instances in which our legislature has waived
sovereign immunity are limited and are narrowly defined.  Texas Department of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex.2001). A plaintiff must affirmatively
demonstrate the court=s
jurisdiction by alleging a valid waiver of immunity.  Id.  at 587. 
To determine if the plaintiff has met that burden, we look to the facts
alleged by the plaintiff and any evidence relevant to the jurisdictional issue.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex.2002); Bland Independent School District v. Blue, 34
S.W.3d 547, 555 (Tex.2000).  We view the
petition in favor of the plaintiff, taking all allegations as true and
construing them in favor of the plaintiff. 
Texas Association of Business v. Texas Air Control Board, 852
S.W.2d 440, 446 (Tex.1993). 

                                             Sovereign
Immunity and the Tort Claims Act

In the Texas Tort Claims Act, the legislature has
provided a limited waiver of liability and suit in certain circumstances for torts
committed by the government.  See
TEX. CIV. PRAC. & REM. CODE ANN. ''
101.021 - 101.029 (Vernon 1997 & Pamph. Supp. 2004 - 2005).  Section 101.021 of the Texas Tort Claims Act
provides that a governmental unit in this state is liable for:

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor-driven vehicle or
motor-driven equip-ment; and 

 

(B) the employee would be personally liable to the
claimant according to Texas law; and

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the claimant according to
Texas law.  (Emphasis added)

 








The Breedloves contend that Ector County employees
were negligent in their Ause@ of motor-driven equipment in
performing road and ditch grade work near their property and that, therefore,
governmental immunity was waived under Section 101.021(1)(A).  Ector County responds by pointing out that
there was no motor-driven equipment near the Breedloves=
property at the time of the flooding, that the last work by Ector County near
the Breedloves= property
was done two years before the flooding, and that the Ause@ of motor-driven equipment only created
a condition that made the flooding possible. 
Citing Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339, 343 (Tex.1998), Ector County argues that the use
of motor-driven equipment did not cause injury within the meaning of Section 101.021(1)
because it did no more than furnish the condition that made the Breedloves= injury possible.

The Tort Claims Act does not define Ause.@  In both Ause
of motor-driven equipment@
cases and Ause of
property@ cases,
the supreme court has given the word Ause@ its ordinary meaning and held that
there must be a direct nexus between the operation or use of the motor-driven
equipment (or use of the government=s
property) and plaintiff=s
alleged damages.[2]  As the supreme court stated in Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 543 (Tex.2003):

We have consistently required a nexus between the
operation or use of the motor-driven vehicle or equipment and a plaintiff=s injuries.  See, e.g., White, 46 S.W.3d at 869; LeLeaux
v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex.1992)(AThe phrase >arises
from= requires
a nexus between the injury negligently caused by a governmental employee and
the operation or use of a motor-driven vehicle or piece of equipment.@); Hopkins v. Spring Indep. Sch.
Dist., 736 S.W.2d 617, 619 (Tex.1987). 
This nexus requires more than the mere involvement of prop-erty. See
generally Dallas County Mental Health & Mental Retardation v. Bossley,
968 S.W.2d 339, 343 (Tex.1998).  Rather, Athe [vehicle]=s
use must have actually caused the injury.@  White, 46 S.W.3d at 869 (citing Bossley,
968 S.W.2d at 342-43).  Thus, as with the
condition or use of property, the operation or use of a motor vehicle Adoes not cause injury if it does no
more than furnish the condition that makes the injury possible.@ Bossley, 968 S.W.2d at 343.

 

Whitley made it clear that the supreme court requires a
direct nexus between the Ause@ of motor-driven equipment and the
plaintiff=s injury,
just as Bossley mandated that there be a direct nexus be-tween the Ause@
of tangible personal or real property and the plaintiff=s
injury.  The use of motor-driven
equipment or the use of property does not cause injury if it does no more than
furnish the condition that made the injury possible.








Although the Breedloves attempted to bring their
claim within the waiver of Section 101.021(1)(A) by phrasing their claim in
terms of Ector County=s
Ause@
of motor-driven equipment, Ector County=s
use of motor-driven equipment only furnished the condition B the increased grade and misplacement
of culverts B that
caused the flooding of their home.  The
use of the motor-driven equipment did not cause the Breedloves= injury within the meaning of the
waiver language in Section 101.021(1)(A). 
Texas Department of Transportation v. Curry, No. 10-03-00210-CV,
2004 WL 2009386 (Tex.App. - Waco, September 8, 2004, no pet=n h.)(memorandum opinion); Hunt
County v. Dallas, Garland and Northeastern Railroad, No. 05-03-01587-CV,
2004 WL 1178609 (Tex.App. - Dallas, May 28, 2004, no pet=n)(memorandum
opinion).

                                                                This
Court=s Ruling

We reverse the trial court=s
order denying Ector County=s
plea to the jurisdiction and render a judgment of dismissal.

 

TERRY McCALL

JUSTICE

 

November 4, 2004

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]TEX. CIV. PRAC. & REM. CODE ANN. ' 51.014(a)(8) (Vernon Supp. 2004 - 2005).





[2]See Justice Hecht=s
concurring opinion in Texas Department of Criminal Justice v. Miller, supra
at 589, where he pointed out that Miller was the sixteenth case in
which the supreme court had tried to determine whether plaintiff=s injury or death had arisen from the government=s use of property so that the plaintiff=s claim for damages was within the Act=s waiver of sovereign immunity.