**DALLAS AREA RAPID TRANSIT, Petitioner,**

v.

**Harold WHITLEY, Respondent.**

**No. 02–0177.**

Supreme Court of Texas.

Argued Nov. 14, 2002.

Decided April 17, 2003.

---

Hyattye O. Simmons, Dallas, for Petitioner.

John P. Knouse, Law Office of Knouse & Knouse, Dallas, for Respondent.

Chief Justice PHILLIPS delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice O'NEILL, Justice JEFFERSON, Justice SCHNEIDER, Justice SMITH, and Justice WAINWRIGHT joined.

In this appeal we must decide whether sovereign immunity bars a suit against a transit authority for injuries inflicted by one bus passenger on another. The plaintiff sued Dallas Area Rapid Transit (DART) for personal injuries he sustained when another passenger attacked him after both had left the bus. The trial court granted DART's plea to the jurisdiction, dismissing the case based on DART's assertion of sovereign immunity. The court of appeals reversed, holding that Whitley's injuries arose from the operation or use of the DART bus because the "driver chose to force Whitley off the bus and then dropped his attacker off near where Whitley was waiting, and decided to go on without returning to pick up Whitley as promised." 66 S.W.3d 472, 476. Therefore, the court held that sovereign immunity had been waived and that the trial court had jurisdiction. *Id.* at 476–77. We disagree, concluding that Whitley's injuries did not arise from the operation or use of the DART bus. We reverse the judgment of the court of appeals and dismiss the case for lack of subject matter jurisdiction.

Harold Whitley has cerebral palsy. It affects his ability to speak, impairs his movement, and causes him physical pain. He depends on public transportation and is a regular passenger on DART's buses. On September 22, 1997, Whitley was riding on a DART bus when a woman, later identified as Mary Burkley, sat down next to him in the seat directly behind the driver. She began verbally harassing Whitley, eventually threatening him with a box cutter. Whitley grabbed Burkley to

restrain her. Other passengers separated the two, escorting Burkley to the back of the bus. Burkley again attempted to attack Whitley with the box cutter but was rebuffed by another passenger.

Disturbed by the commotion, the DART bus driver stopped the bus. He told Whitley to exit, saying he would come back for him in a few minutes. As Whitley exited, Burkley threatened to kill him. Burkley then exited the bus herself about two blocks past where the driver had put Whitley off.

Burkley went directly home to her son and his friends, recruiting them to join her vendetta against Whitley. Finding Whitley where the bus had left him, the group beat him severely, putting him in the hospital for ten days.

Whitley sued only DART, alleging negligence. DART filed a plea to the jurisdiction and a motion for summary judgment, claiming that sovereign immunity barred Whitley's suit because his injuries did not arise from the operation or use of a motor-driven vehicle. The trial court agreed, granted the plea to the jurisdiction, and dismissed Whitley's suit. The court of appeals reversed, concluding that Whitley's injuries arose from the use of the bus. 66 S.W.3d at 476.

■ A unit of state government is immune from suit and liability unless the state consents. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity from suit defeats a court's subject matter jurisdiction. *Id.* In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001). No one disputes that DART is a governmental unit under the Tort Claims Act. We will therefore review Whitley's pleadings and the evidence he attached in response to DART's plea and motion to determine if his claim comes within a statutory waiver of immunity.

■ Under the Tort Claims Act, a governmental unit's sovereign immunity is waived for "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem.Code § 101.021. This Court has defined "use" as " 'to put or bring into action or service; to employ for or apply to a given purpose.' " *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg,* 766 S.W.2d 208, 211 (Tex.1989) (quoting *Beggs v. Tex. Dep't of Mental Health & Mental Retardation,* 496 S.W.2d 252, 254 (Tex.Civ. App.-San Antonio 1973, writ ref'd)). Whitley argues that his injuries arise from a use of the bus because the bus driver wrongfully ejected him in a remote and dangerous area of Dallas, allowed Burkley to deboard after she assaulted and threatened him in the driver's presence, and then failed to pick him up as promised. DART counters that Whitley does not allege a "use" of the bus, but rather alleges "nonuse" of the bus, misuse of information, failure to provide protection, or failure to properly supervise passengers.

We agree that Whitley's injuries did not arise from the use of the bus. Rather, his

injuries arose from the bus driver's failure to supervise the public, which is insufficient to waive immunity under the Tort Claims Act.

■ We have consistently required a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries. *See, e.g., White,* 46 S.W.3d at 869; *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992) ("The phrase 'arises from' requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment."); *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 619 (Tex.1987). This nexus requires more than mere involvement of property. *See generally Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998). Rather, "the [vehicle]'s use must have actually caused the injury." *White,* 46 S.W.3d at 869 (citing *Bossley,* 968 S.W.2d at 342–43). Thus, as with the condition or use of property, the operation or use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes the injury possible." *Bossley,* 968 S.W.2d at 343.

Whitley's allegations are similar to those made in *Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526, 527 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.). In that case, a non-student passenger stabbed a student passenger on a school bus. The court of appeals held that "the injury arose out of the failure to control and supervise the public, and not from the operation or use of a motor vehicle.... [A] knife and not the use of the bus was the cause of plaintiffs' damage." *Id.* at 528; *see also Pierson v. Houston Indep. Sch. Dist.,* 698 S.W.2d 377, 380 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding that student's act and

not the operation or use of truck and trailer was the cause of plaintiffs' injuries). Similarly, Burkley and her accomplices caused Whitley's injuries, and the driver's failure to supervise Burkley may have contributed, but the operation or use of the bus did not.

Whitley argues that *Austin Independent School District v. Gutierrez,* 54 S.W.3d 860 (Tex.App.-Austin 2001, pet. denied), and *Contreras v. Lufkin Independent School District,* 810 S.W.2d 23 (Tex.App.-Beaumont 1991, writ denied), should control this case. We disagree. In *Gutierrez,* a school bus driver honked her horn to signal that the plaintiff could safely cross the street. The court of appeals held that the "bus driver took the affirmative action of honking the horn which may have contributed to the accident." *Gutierrez,* 54 S.W.3d at 866 (footnote omitted). By contrast, no use of the DART bus in this case contributed to Whitley's injuries. In *Contreras,* a student was let off a school bus around the corner from her home and was struck by a car while trying to get home. Although *Contreras* is factually similar, it does not hold that immunity was waived. Rather, the court of appeals reversed defendant's summary judgment because the sole ground on which it was based, that the plaintiff had not pled waiver of immunity, was without merit. *Contreras,* 810 S.W.2d at 26; *see Tarkington Indep. Sch. Dist. v. Aiken,* 67 S.W.3d 319, 325 (Tex.App.-Beaumont 2002, no pet.) (holding that *Contreras* did not find a waiver of immunity and limiting the case to its procedural facts). Thus, *Contreras* does not apply to this case.

The gravamen of Whitley's complaint is that Burkley and her cohorts' actions and the bus driver's failure to supervise the public caused his injuries. We recognize that Whitley suffered terrible injuries and that it is unlikely he will recover any

meaningful compensation for them under the tort system. But the Legislature has enacted only a limited waiver of sovereign immunity, and the terms of that waiver do not permit Whitley to recover against DART in this case. Therefore, we reverse the judgment of the court of appeals and dismiss the case for lack of subject matter jurisdiction.

Justice ENOCH did not participate.