In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00824-CV
__________
 
MARCOS MONTOYA ET UX, PAULA MONTOYA, INDIVIDUALLY AND
AS NEXT FRIENDS OF MARCOS MONTOYA, JR., Appellants
 
V.
 
HOUSTON INDEPENDENT SCHOOL DISTRICT AND VERONICA
DAMPHA, Appellees
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2004-24564
 

 
 
DISSENTING OPINION
          I respectfully dissent from the portion of the majority opinion in which it
addresses the Montoyas’ allegation that the bus driver was negligent by “failing to
stop the bus before Marcos reached the emergency exit, opened it, and fell through
it.” I would construe this portion of the Montoyas’ petition as alleging that their 
eight-year-old, mentally retarded child was injured because the bus driver negligently
continued to drive the moving bus while the child opened the emergency exit door
and fell through it. 
          The majority opinion holds that the child’s conduct, which it terms his
“affirmative act,” caused the injuries he sustained and that, “at most, the driver’s
negligent use simply furnished the condition” that “enabled Marcos to exit the bus
and injure himself.” I would hold, instead, that the pleadings allege the necessary
nexus between the bus driver’s negligent conduct— continuing to drive the bus while
a child opened the emergency exit door—and the injuries that the child sustained
from his fall from the moving bus through the emergency door. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.021(1)(A), 101.025(a) (Vernon 1997) (conditioning
waiver of governmental immunity and resulting governmental liability for personal
injury on injury’s “aris[ing] from the operation or use of a motor-driven vehicle”)
(emphasis added); see also Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540,
543 (Tex. 2003) (noting that supreme court has “consistently required a nexus
between the operation and use of the motor-driven vehicle or equipment and a
plaintiff’s injuries”).
          The majority opinion suggests that, for the bus driver’s actions here to rise to
the level of nexus with the injuries to Marcos, the driver would have to have done
something more than merely continue to drive. I disagree. If, for example, a child
runs in front of a car, the driver should not continue to drive, even at the speed limit,
but should stop to prevent injuring the child. In this example, if the car struck a child
who had run in front of the car, the mere act of continuing to drive would constitute
the necessary nexus with injuries to the child, even if the child was also at fault by
running in front of the car. Similarly, if a child opens an emergency door on a bus,
the mere act of continuing to drive under that condition furnishes the element of
dangerousness to an activity that would otherwise not necessarily be dangerous if the
bus were stationary. In other words, the child’s conduct of opening the emergency
door on the bus is ordinarily not dangerous if the bus is stationary; what created the
danger here was the bus driver’s moving the bus while the child opened the door. 
           The school bus here was more than simply the location of the injury. See
LeLeaux v. Hamshire-Fannett Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992) (noting that
empty school bus was parked and that driver was not aboard as significant factors in
upholding lower courts’ rulings that school district had not waived immunity from
suit). The distinction from LeLeaux that, in my view, the majority opinion does not
consider, is that the pleadings here allege injuries that resulted from the combination
of two acts, specifically, the child’s dangerous act of opening an emergency door on
a moving bus and the driver’s dangerous act of continuing to drive the bus while this
happened. In this case, therefore, and in contrast to the LeLeaux case, I would
conclude that the pleadings allege that the bus was more than merely the location for
the injury. See id.; see also Whitley, 104 S.W.3d at 543 (restating “mere location”
rule). Rather, the pleadings allege that the movement of the bus as the child opened
the emergency door caused the child’s extensive injuries. 
          Moreover, although there must be a nexus between the injury and the operation
or use alleged, Whitley, 104 S.W.3d at 543, the statute does not require that the use
or operation of the motor vehicle constitute the sole cause of the injury. See Id.
(noting that Whitley failed to show that use of bus “contributed to” Whitley’s
injuries); see also Austin Indep. Sch. Dist. v. Gutierrez, 54 S.W.3d 860, 866 (Tex.
App.—Austin 2001, pet. denied) (noting that bus driver’s honking to indicate safety
of crossing road “may have contributed” to accident that resulted in passing car’s
striking and killing child). Thus, although the child’s conduct in opening the door
may certainly have contributed to his injuries, the Montoyas’ pleading that the bus
driver continued to operate the bus under the circumstances also alleges that the
driver contributed to the child’s harm. 
          The majority opinion further suggests that the substance of the Montoyas’
pleadings alleges only claims for negligent supervision, for which the Legislature has
not waived HISD’s immunity from suit, rather than claims for negligent operation or 
 
use of a motor vehicle, for which the Legislature has waived HISD’s immunity from
suit pursuant to sections 101.021(1)(A) and 101.025(a). Regardless of whether the
child was negligently supervised, it was the movement of the bus by the bus driver
that caused the serious injuries to the child from his fall through the emergency door
of the moving bus.
          I would hold that the Legislature has waived HISD’s immunity from suit for
the injuries to Marcos that his parents allege were caused by the driver’s continuing
to operate the bus while the child opened the emergency door and fell through it, and
that the trial court therefore has jurisdiction to address this pleading only. 

 
Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.