AISD V. KELLAM

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-322-CV

ARLINGTON INDEPENDENT SCHOOL DISTRICT APPELLANT

V.

KERRY KELLAM APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this personal injury case, we must decide whether Arlington Independent School District’s (District) sovereign immunity is waived under section 101.021 of the Texas Tort Claims Act (TTCA) in a suit by Kerry Kellam, who slipped and fell in a concrete-lined ditch while attempting to assist a woman who had been injured in a motor vehicle accident involving a District bus.  Because we conclude that the District’s immunity from suit has not been waived, we vacate the trial court’s order denying the District’s plea to the jurisdiction and dismiss the case. 

The issues of law presented by this case are well settled and the parties are familiar with the facts.

Under the TTCA, a governmental unit’s sovereign immunity is waived for “property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment.”
(footnote: 2)  A nexus is required between the operation or use of the motor-driven vehicle and a plaintiff’s injuries.
(footnote: 3)  This nexus requires more than mere involvement of property; the vehicle’s use must have actually caused the injury.
(footnote: 4)  Thus, the operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition that makes the injury possible.
(footnote: 5)
 Kellam has not established the required nexus between his injury and the District’s use and operation of its bus.  Therefore, the District’s immunity from suit is not waived under the TTCA, and the trial court erred by denying the District’s plea to the jurisdiction.  We sustain the District’s issue,
 vacate the trial court’s order, and dismiss the case.
(footnote: 6)
 

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  February 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021 (Vernon 2005). 

3:
Dallas Area Rapid Transit v. Whitley
, 104 S.W.3d 540, 543 (Tex. 2003). 

4:
Id
. 

5:
Id
. (citing 
Dallas County Mental Health & Mental Retardation v. Bossley
, 968 S.W.2d 339, 343 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998)).  

6:
Tex. R. App. P.
 43.2(e); 
see County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002) (stating that plea to the jurisdiction may be granted without allowing plaintiff an opportunity to amend if pleadings affirmatively negate the existence of jurisdiction).