COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-322-CV

 

 

ARLINGTON INDEPENDENT SCHOOL DISTRICT                        APPELLANT

 

                                                   V.

 

KERRY KELLAM                                                                     APPELLEE

 

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In this personal injury case,
we must decide whether Arlington Independent School District=s (District) sovereign immunity is waived under section 101.021 of the
Texas Tort Claims Act (TTCA) in a suit by Kerry Kellam, who slipped and fell in
a concrete-lined ditch while attempting to assist a woman who had been injured
in a motor vehicle accident involving a District bus.  Because we conclude that the District=s immunity from suit has not been waived, we vacate the trial court=s order denying the District=s plea to the jurisdiction and dismiss the case. 

The issues of law presented
by this case are well settled and the parties are familiar with the facts.

Under the TTCA, a
governmental unit=s sovereign
immunity is waived for Aproperty
damage, personal injury, and death proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment
if: (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment.@[2]  A nexus is required between
the operation or use of the motor-driven vehicle and a plaintiff=s injuries.[3]  This nexus requires more than mere
involvement of property; the vehicle=s use must have actually caused the injury.[4]  Thus, the operation or use of a motor vehicle
does not cause injury if it does no more than furnish the condition that makes
the injury possible.[5]








Kellam has not established
the required nexus between his injury and the District=s use and operation of its bus. 
Therefore, the District=s immunity from suit is not waived under the TTCA, and the trial court
erred by denying the District=s plea to the jurisdiction.  We
sustain the District=s issue,
vacate the trial court=s order, and
dismiss the case.[6]

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; GARDNER and WALKER, JJ.

DELIVERED: 
February 2, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Civ. Prac. & Rem. Code Ann. '
101.021 (Vernon 2005). 





[3]Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 543 (Tex.
2003). 





[4]Id. 





[5]Id.
(citing Dallas County Mental Health & Mental Retardation v. Bossley,
968 S.W.2d 339, 343 (Tex.), cert. denied, 525 U.S. 1017 (1998)).  





[6]Tex. R. App. P. 43.2(e); see County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) (stating that plea to the
jurisdiction may be granted without allowing plaintiff an opportunity to amend
if pleadings affirmatively negate the existence of jurisdiction).