

**NUMBER 13-07-00143-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **DONALD RAY MCCRAY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **FREDERICK LANGEHENNING, RUBY HINZ,** | |
| **EISMAEL RUIZ, AND MICHAEL RUPE,** | **Appellees.** |

### On appeal from the 343ʳᵈ Distirct Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, Donald Ray McCray, appeals the dismissal of his civil lawsuit against four employees of the Texas Department of Criminal Justice-Institutional Division. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002). In a single issue, appellant argues that the trial court abused its discretion in dismissing his claim as frivolous. We affirm.

## I. BACKGROUND

Appellant is an inmate in the Ellis Unit, Texas Department of Criminal Justice-Institutional Division ("TDCJ") who, proceeding pro se, filed this lawsuit against appellees, Fredrick Langehennig, Ruby Hinz, Eismael Ruiz, and Michael Rupe, in their official capacities as TDCJ employees. In his petition, appellant alleged negligence, asserting that appellees "failed to exercise ordinary care and breached the duty owed to [appellant]" by "refus[ing] to comply with the law legal procedure . . . by placing [appellant] in direct threat of death and bodily injury . . . that denied him a right to comply with a court order . . . in violation of the medical decision issued by the TDCJ." As relief, appellant sought a declaratory judgment for reasons that are incomprehensible. Reviewing the record in its entirety, we have ascertained that the basis of appellant's complaint is that his request to be classified as a "General Population Level 4" offender was denied. TDCJ filed a motion to dismiss appellant's suit for failure to comply with the requirements of chapter fourteen of the civil practice and remedies code governing inmate litigation. *See id*. §§ 14.001-.014. TDCJ argued that in addition to failing to comply with chapter 14 requirements, appellant's suit should be dismissed as frivolous because his claims are barred by sovereign immunity. The trial court agreed and granted the TDCJ's motion to dismiss.

## II. APPLICABLE LAW AND ANALYSIS

When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may be dismissed if the court finds it is frivolous or malicious. *Id*. § 14.002. In determining whether a claim is frivolous or malicious, the court may consider whether it has no arguable basis in law. *Id*. § 14.003(b)(2). Trial courts have broad discretion to determine whether a case should be dismissed under chapter 14. *Retzlaff v. Texas Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App–Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). We will not interfere

2

with the exercise of that discretion absent proof the trial court abused its discretion, acting arbitrarily or unreasonably in light of all circumstances in the case, without reference to any guiding rules or principles. *Lewis v. Johnson*, 97 S.W.3d 885, 886-87 (Tex. App.–Corpus Christi 2003, no pet.).

Appellant's petition provides no legal basis for his alleged negligence claims or his attempt to seek a declaratory judgment. These claims were properly dismissed as having no basis in law. Further, appellant refers to appellees as "agents . . . acting within the scope of their employment." Suits against government employees in their official capacity are in fact claims against the government. *Ware v. Miller*, 82 S.W.3d 795, 800 (Tex. App.–Amarillo 2002, pet. denied). In Texas, a governmental unit is immune from suit and liability unless the State consents. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Governmental immunity from suit defeats a court's subject-matter jurisdiction. *Whitley*, 104 S.W.3d at 542. In a suit against the State, as in this case, the plaintiff must allege consent to suit either by reference to a statute or to express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Appellant's petition fails to mention either. We conclude the trial court was well within its discretion in dismissing appellant's case in its entirety.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 26th day of August, 2008.

3