ACCEPTED
04-14-00542-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 5:18:52 PM
KEITH HOTTLE
CLERK

## CASE NO. 04-14-00542-CV

**IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL CIRCUIT
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 5:18:52 PM
KEITH E. HOTTLE
Clerk

**CITY OF LEON VALLEY, TEXAS,
UNKNOWN EMPLOYEE(S) OF CITYOF LEON VALLEY
and IRENE BALDRIDGE**
Appellants

v.

**WM. RANCHER ESTATES JOINT VENTURE,
RAFAEL ALFARO, JOSE ALFARO, CARMAN ALFARO, DANIEL BEE,
ROBERT CALDWELL, ANNE CALDWELL,
DEFERENCE SERVICE BUSINESS, INC., EARL DODERER,
SYLVIA DODERER, JAMES DOWDY, BETTY DOWDY, ISSAC
ELIZONDO,
SUZANNE ELINZONDO, ROBERTO GALINDO, ERMA GALINDO,
SHIRL JACKSON, ANNE JACKSON, AND RICARDO A. PADILLA**
Appellees

## APPELLANTS' REPLY BRIEF

PATRICK C. BERNAL
CLARISSA M. RODRIGUEZ
DENTON NAVARRO ROCHA BERNAL HYDE & ZECH, P.C.
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile:  (210) 225-4481
COUNSEL FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF COUNSEL

*Appellants/Trial Court Defendants*:

City of Leon Valley, Texas
Unknown Employee(s) of City of Leon Valley
Irene Baldridge

*Appellants' Counsel:*

Patrick C. Bernal
Clarissa M. Rodriguez
Denton Navarro Rocha Bernal Hyde & Zech
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:   (210) 225-4481
patrick.bernal@rampage-sa.com
clarissa.rodriguez@rampage-sa.com

*Appellees/Trial Court Plaintiffs:*

Wm. Rancher Estates Joint Venture
Rafael Alfaro
Jose Alfaro
Carman Alfaro
Daniel Bee
Robert Caldwell
Anne Caldwell
Deference Service Business, Inc.
Earl Doderer
Sylvia Doderer
James Dowdy
Betty Dowdy
Issac Elizondo
Suzanne Elizondo
Roberto Galindo
Erma Galindo

Shirl Jackson
Anne Jackson
Ricardo A. Padilla

*Appellees' Counsel:*

Mr. O. Rene Diaz
Mr. Jason J. Jakob
DIAZ, JAKOB, LLC
115 E. Travis Street, Ste. 333
San Antonio, Texas  78205
Telephone:   (210) 226-4500
Facsimile:    (210) 226-4502
judgediaz@diazjakob.com
jjakob@diazjakob.com

# TABLE OF CONTENTS

IDENTITY OF COUNSEL ................................................................................... ii

TABLE OF CONTENTS ................................................................................... iv

TABLE OF AUTHORITIES ................................................................................ v

I. CITY IS IMMUNE FROM STATUTORY CAUSES OF ACTION .................... 1

    A.    No Waiver of Immunity Exists for Claims Arising Under the Texas Water Code, Health & Safety Code, Natural Resources Code, Property Code and Due Process Clause of the Texas Constitution. ............................................................................................. 1

    B.    Appellees' Claims Under the Texas Tort Claims Act Fail. .......................... 2

    C.    Appellees' Monetary Damages Claims Under the Texas Open Meetings Act and Declaratory Judgment Act Fail. ....................................... 3

II. LEGISLATIVE IMMUNITY .............................................................................. 5

III. CONCLUSION ................................................................................................... 7

PRAYER .................................................................................................................. 8

CERTIFICATE OF SERVICE ............................................................................... 10

# TABLE OF AUTHORITIES

*Bogan v. Scott-Harris,* 523 U.S. 44, 118 S. Ct. 966,
140 L.Ed. 2d 79 (1998)..............................................................6

*Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540 (Tex. 2003).......................2

*Dallas County Mental Health and Mental Retardation v. Bossley,*
968 S.W.2d 339 (Tex. 1998) .......................................................1

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150 (Tex. 2004) ...................5, 7

*In re Perry,* 60 S.W.3d 857 (Tex. 2001)....................................................7

*Lee v. Whispering Oaks*, 797 F.Supp. 2d 740 (W.D. Tex. 2011) ...........................5

*Tex. Ass'n. of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993) ...............2

*Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583 (Tex. 2001).........................2

*Texas Dep't of Trans. v. Jones,* 8 S.W.3d 636 (Tex. 1999)....................................1

*Texas Nat. Res. Conserv. Com'n v. IT-Davy,* 74 S.W.3d 849 (Tex. 2009) ..............5

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. §101.057 (West 1985) .....................................3

Tex. Gov't. Code Ann. § 311.034 (West 2005)........................................................1

Tex. Gov't. Code Ann. § 551.142 (West 1993)........................................................4

Texas Gov't Code Ann. §551.146 (West 2013) .......................................................3

Tex. Occ. Code Ann. § 1101.557 (West 2005) ........................................................6

Tex. Occ. Code Ann. § 1101.558 (West 2003) ........................................................6

## Constitutional Provisions

TEX. CONST. art. I, § 17 ................................................................................ 2

TEX. CONST. art. I, § 19 ................................................................................ 2

**I.**
**<u>CITY IS IMMUNE FROM STATUTORY CAUSES OF ACTION</u>**

Appellees misconstrue the requirement under Texas law for properly invoking the Court's jurisdiction to state a viable claim for monetary damages against a governmental entity.

**A.     No Waiver of Immunity Exists for Claims Arising Under the Texas Water Code, Health & Safety Code, Natural Resources Code, Property Code and Due Process Clause of the Texas Constitution**.

To properly invoke the Court's jurisdiction against a governmental entity, Appellees must reference a clear and unambiguous waiver of immunity. Under the *Bossley* Texas Supreme Court case and the Texas Code Construction Act, a plea to the jurisdiction of the court can properly raise a question of governmental immunity. *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998); *see,* Tex. Gov't. Code Ann. § 311.034 (West 2005). When that is done, the plaintiff must invoke the court's jurisdiction by identifying the language of a statute that waives governmental immunity by clear and unambiguous language. *Texas Dep't. of Trans. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999).

Appellees made no attempt in the trial court, nor do they do so here, to identify language in the following statutes where the Texas Legislature has clearly and unambiguously waived governmental immunity for Appellees to sue the City of Leon Valley:

1

- Texas Water Code. *See,* Plaintiffs' Second Amended Original Petition, pp. 35-36, ¶¶ 130-134 [CR V7 144-145];

- Texas Health and Safety Code, §343.001(c)(11). *See,* Plaintiffs' Second Amended Original Petition, pp. 18, 34, ¶¶ 59, 125-129 [CR V7 127; 143-144];

- Article 1, §19 of the Constitution of the State of Texas. *See,* Plaintiffs' Second Amended Original Petition pp. 27-29, ¶¶ 88-94, 97 [CR V7 136-138];

- Texas Property Code. *See,* Plaintiffs' Second Amended Original Petition pp. 41-42, ¶155 and ¶ XIII Prayer for damages in the amount not greater than $3,975,000.00 [CR V7 150-154]; and

- Texas Natural Resources Code.[1] *See,* Plaintiffs' Second Amended Original Petition pp. 41-42, ¶155 [C.R. V7, 150-154].

- Uniform Declaratory Judgment Act. *See* Plaintiffs' Second Amended Original Petition pp. 26-27, ¶ 83, 86 [CR V7 135-136].

**B. Appellees' Claims Under the Texas Tort Claims Act Fail.**

Even when a statute clearly and unambiguously waives governmental immunity, a plaintiff must affirmatively demonstrate the court's jurisdiction by alleging facts to establish a valid waiver of immunity. *See, Tex. Dep't. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Ass'n. of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). Appellees attempt to argue that the involvement of equipment is sufficient to invoke liability for property damages under the Texas Tort Claims Act. Their argument fails. *Dallas Area Rapid Transit*

---

[1] Appellant City did not assert immunity from a claim arising under Article I, § 17 of the Texas Constitution. This claim remains pending against the City in the trial court.

*v. Whitley,* 104 S.W.3d 540, 543 (Tex. 2003) (nexus between the operation or use of motor-driven vehicle or equipment and a plaintiff's injuries requires more than mere involvement of property to waive governmental immunity; rather, the vehicle's or equipment's use must have actually caused the injury).

Furthermore, Appellees' claims asserting intentional tort liability, i.e. trespass, does not satisfy the limited waiver of immunity under the Tort Claims Act Section 101.057 Texas Civil Practice & Remedies Code, which explicitly preserves the City's immunity from intentional tort claims. Tex. Civ. Prac. & Rem. Code Ann. §101.057 (West 1985).

**C.    Appellees' Monetary Damages Claims Under the Texas Open Meetings Act and Declaratory Judgment Act Fail**.

Appellees avoid the clear and unambiguous waiver requirement to seek monetary damages from Appellants under TOMA.  Instead, they attempt to argue that they do not directly seek an award of monetary damages but then argue that the setting aside of a decision of the City Council in violation of TOMA would result in monetary damages flowing for the breach of TOMA and the Declaratory Judgment Act.  [C.R. V7, 136 ¶¶84-86; Appellees' Brief p. 36].  Appellees do not disagree with Appellants' position that only one section in TOMA, which is inapplicable to the facts underlying this dispute, authorizes the recovery of limited monetary damages. *See,* Texas Gov't Code Ann. §551.146 (West 2013).  Nonetheless, Appellees attempt to argue that an act allegedly taken by the City Council in

3

violation of TOMA automatically results in monetary damages to Appellees for the loss of the sale of their property.  [C.R. V7, 136 ¶¶84-86].

The proper construction of TOMA is that a waiver of governmental immunity is clear and unambiguous according to the provisions of the Act.  Accordingly, a court may consider an action to void a vote of the City Council under §551.142 if TOMA provisions are not followed.  Tex. Gov't. Code Ann. § 551.142 (West 1993).  However, under the facts of this case, the only material act of the City Council occurred on March 1, 2011, when the City Council voted on appeal of the denial of a zoning request applicable to Appellees' property.  [C.R. V1, 8; C.R. V7, 119; C.R. V6, 28-37; 281-284]. Tex. Gov't. Code Ann. § 551.142 (West 1993).  The City's Zoning Commission initially denied the Appellees' request for a zoning designation. [C.R. V2, 175-184].  Appellees appealed the denial to the Leon Valley City Council which ultimately voted on the matter on March 1, 2011.  [C.R. V2, 28-30; 190-199; 200-207; 224; C.R. V2, 38-40; 200-209; 210-217; 231].  The City Council, by a unanimous vote of five to zero, denied the appeal. [C.R. V2, 28-30; 185-186; C.R. V6, 38-40; 195-196; 218-230].  The only possible voidability of the denial would result in no action taken rather than a "yes" vote resulting automatically in monetary damages.  Appellees' construction of the provisions of TOMA is, therefore, unsupportable and contrary to case law construing whether governmental immunity

4

has been waived by an act of the legislature. *Texas Nat. Res. Conserv. Com'n. v. IT-Davy,* 74 S.W.3d 849, 854 (Tex. 2009).

## II.
## <u>LEGISLATIVE IMMUNITY</u>

There is only one meaningful and material action related to Appellees' claim for damages in this lawsuit – a vote of the City Council on March 1, 2011, affirming the Zoning Commission's denial of Appellees' request for a zoning change.[2] [C.R. V1, 8; C.R. V7, 119; C.R. V6, 28-37; 281-284]. Appellees assign bad motives and moral imperatives to Appellant Baldridge's vote, which is not uncommon in the various cases discussing a legislator's immunity from a claim for monetary damages. *See, Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150 (Tex. 2004) (attacking leadership role of councilmember voting for moratorium on new construction against law firm client's interest)*; see also, Lee v. Whispering Oaks*, 797 F.Supp. 2d 740 (W.D. Tex. 2011) (accusing councilmember of illegal conspiracy with citizens over zoning action). Appellees' shotgun approach in raising attacks aimed at numerous meetings of the City Council and Zoning Commission avoids one basic premise: voting and attending meetings as a member of a public governing body clearly falls within the sphere of legitimate legislative activities that are the heart of the legislative immunity doctrine. [C.R. V7, 129-134]; *see, Joe v. Two Thirty Nine*

---

[2] In her Plea to the Jurisdiction, Appellant Baldridge seeks legislative immunity in her official capacity as a member of the Leon Valley City Council, not in any other capacity.

5

*Joint Venture,* 145 S.W.3d at 157, *citing, Bogan v. Scott-Harris,* 523 U.S. 44, 53, 118 S. Ct. 966, 140 L.Ed. 2d 79 (1998).

Appellees not only attempt to claim monetary damages against Appellant Baldridge for casting a vote, but also, for attending meetings where various topics were discussed, including the hiring of a city manager and discussing City-related issues such as zoning, tax abatements and other economic development issues. Appellees' Brief pp. 33, 39-40. Appellees' allegations clearly invoke legislative activities by Councilmember Baldridge.

Appellees concede Appellant Baldridge had no written contract for representation of anyone interested in Appellees' property at the time she voted on the zoning appeal. Appellees' Brief pp. 40. Without a written contract of representation, Appellant Baldridge could not have possessed a conflict of interest in the subject property as a real estate agent as a matter of law. Real Estate License Act, Tex. Occ. Code §§ 1101.557-558. Notwithstanding Appellees insertion of "moral obligations" on Appellant Baldridge, there is no legal basis to assert a conflict of interest against Appellant Baldridge without a written contract of representation.[3] Appellees' Brief p. 33.

---

[3] Appellants objected in the trial court to Appellee Bee's attempt to characterize secretly recorded telephone conversations with Ms. Baldridge in violation of a Rule 11 Agreement entered into by all counsel of record on September 11, 2013. Appellees again reference excluded evidence to support this contention. The trial court sustained the objection. [C.R. V1, 232-238; R.R. (May 19, 2014) 84-86].

6

Appellees cite to *In Re Perry* as the basis for Appellants' immunity defense. However, Appellees make no mention of the *Joe v. Two Thirty Nine Joint Venture* case which involved a similar set of circumstances presented here. Appellees' Brief pp. 64. In the *Joe* case, a councilmember had a presumptive conflict of interest but the court refused to deny legislative immunity to a vote imposing a moratorium on new construction. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d at p.158. Similarly, in the case at bar, Appellant Baldridge, as a member of a City Council, is immune from casting a vote to uphold the denial of a zoning request.

Again, Appellees miss the point of Appellant Baldridge's immunity from a damages claim under the Texas Open Meetings Act and Declaratory Judgment Act. Her immunity does not stem from compliance with the provisions of TOMA but from Appellees' attempt to seek monetary damages against her under TOMA and the TDJA. Even assuming a conflict of interest existed at the time of her vote on March 1, 2011, the meeting of the City Council was not an illegal meeting under TOMA. Appellant Baldridge does not claim immunity from complying with the procedural provisions of TOMA; however, monetary damages are not available to Appellees for any of the alleged violations of the Act.

### III.
### CONCLUSION

The Appellants are immune from the various causes of action asserted by Appellees as discussed herein. Appellees failed to properly invoke the trial court's

7

jurisdiction for statutory claims asserted against the City of Leon Valley. Additionally, Appellees cannot hold Irene Baldridge liable for damages in her capacity as a member of the City Council of the City of Leon Valley because of her absolute legislative immunity. Accordingly, the trial court erred in denying the Appellants' Pleas to the Jurisdiction.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Appellants City of Leon Valley, Texas, Unknown Employee(s) of the City of Leon Valley, and Irene Baldridge pray this Court:

1. reverse the trial court's denial of Appellant City and City's Unknown Employees' Plea to the Jurisdiction and render a dismissal of Appellees' statutory causes of action brought under the Texas Water Code, Health & Safety Code, Natural Resources Code, Property Code, Tort Claims Act, Open Meetings Act or Declaratory Judgment Act;

2. reverse the trial court's denial of Appellant Irene Baldridge's Second Amended Plea to the Jurisdiction and render a dismissal of Appellant Baldridge in her capacity as a member of the City Council of the City of Leon Valley;

3. remand this cause to the Trial Court with instructions according to the Court's opinion and judgment; and

4. for such further relief, in law and in equity, to which the Appellants may show themselves justly entitled.

Respectfully submitted,

DENTON, NAVARRO, ROCHA, BERNAL HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
patrick.bernal@rampage-sa.com
clarissa.rodriguez@rampage-sa.com


By:     /s/     Patrick C. Bernal
          PATRICK C. BERNAL
          State Bar No. 02208750
          CLARISSA M. RODRIGUEZ
          State Bar No. 24056222
          ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Appellate Procedure on this 4th day of March, 2015, to the following:

**CMRRR # 9171 9690 0935 0067 1638 82**
Mr. O. Rene Diaz
Mr. Jason J. Jakob
DIAZ, JAKOB, LLC
115 E. Travis Street, Ste. 333
San Antonio, Texas 78205
*Attorneys for Plaintiffs*

**CMRRR # 9171 9690 0935 0067 1638 754**
Darby Riley
Riley & Riley, Attorneys at Law
320 Lexington Avenue
San Antonio, Texas 78215
*Attorneys for Irene Baldridge*

/s/     Patrick C. Bernal
PATRICK C. BERNAL
CLARISSA M. RODRIGUEZ