**AFFIRMED and Opinion Filed April 3, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-19-00930-CV
_____

**DALLAS AREA RAPID TRANSIT AUTHORITY, Appellant**
**V.**
**GLF CONSTRUCTION COMPANY, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00448**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Reichek
Opinion by Justice Whitehill

This is an accelerated interlocutory appeal from an order denying appellant Dallas Area Rapid Transit Authority's plea to the jurisdiction based on governmental immunity from suit. DART argues that its immunity from suit is not waived because GLF failed to exhaust its remedies under a contractual adjudication procedure. But we affirm the order denying DART's jurisdictional plea because GLF completed the administrative process.

# I. BACKGROUND

## A. The Project and GLF's Administrative Appeal

We draw these facts from GLF's live pleading (its original petition) and the evidence filed regarding DART's jurisdictional plea.

In 1999, DART hired GLF to build part of a light rail extension. Paragraph 50 of the parties' contract prescribed an administrative dispute resolution process for contract disputes.

According to GLF, DART's inadequate project administration drove GLF's costs up far beyond the contract price.

GLF submitted a paragraph 50 request for equitable adjustment. According to GLF, in 2005 a DART contracting officer issued a decision "essentially denying all of GLF's claims and upholding all of DART's counterclaims."

GLF administratively appealed the contracting officer's decision to an administrative judge, leading to a 2007 liability evidentiary hearing. The judge rendered a liability decision in September 2011. After further discovery there was an evidentiary hearing on damages concluding in January 2013. The judge rendered a damages decision in June 2017. According to GLF, the decision contained no final accounting, and the parties don't agree which party owes the other party money under that decision.

**B.    Procedural History of this Lawsuit**

In January 2019, GLF sued DART in district court. GLF asserted claims for contract breach and Texas Public Prompt Payment Act violations. GLF further alleged that DART's administrative dispute resolution procedure violated due process, and it specifically requested a trial de novo by jury.

DART answered and filed a plea to the jurisdiction based on governmental immunity from suit. Specifically, DART argued that (i) under Local Government Code § 271.154, DART's immunity from suit is waived only for claimants who comply with the contract's adjudication procedures and DART regulations and (ii) GLF didn't comply with those procedures.

GLF responded, and DART replied.

The trial court denied DART's plea after a nonevidentiary hearing.

DART timely perfected this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

## II.  STANDARD AND SCOPE OF REVIEW

We review de novo a jurisdictional plea ruling. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A jurisdictional plea may challenge the plaintiff's pleadings, the facts, or both. *See id*. at 226–27.

When a jurisdictional plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to

–3–

hear the cause. *Id.* at 226. We construe the pleadings liberally in the plaintiff's favor and look to its intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is pleading sufficiency, and the plaintiff should be allowed to amend. *Id.* at 226–27. If the pleadings affirmatively negate jurisdiction, then a jurisdictional plea may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If a jurisdictional plea challenges the existence of jurisdictional facts, we consider relevant evidence when necessary to resolve the jurisdictional issues raised. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the jurisdictional plea as a matter of law. *Id.* at 228. This standard generally mirrors a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.*

## III. ANALYSIS

DART's sole issue amounts to a complaint that the trial court erred by denying DART's jurisdictional plea.[1] DART presents no appellate arguments specifically

---

[1] DART's issue reads:

When the Texas Legislature has delegated authority to a regional transportation authority to adopt and enforce administrative procedures for resolving disputes with its contractors, and a contractor, such as GLF, has agreed to submit its contractual disputes with the regional transportation authority

–4–

addressing GLF's Prompt Payment Act claim, so we do not analyze that claim separately from the contract breach claim.

## A. Applicable Law and DART's Arguments

"When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (footnote omitted). Governmental immunity encompasses both immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). "Governmental immunity from suit defeats a court's subject matter jurisdiction." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

By entering a contract, a governmental entity waives immunity from liability but not from suit. *Tooke*, 197 S.W.3d at 332. A waiver of immunity from suit generally requires a clear and unambiguous act by the legislature. *See* TEX. GOV'T CODE § 311.034; *Tooke*, 197 S.W.3d at 332–33.

---

to its administrative process, which culminates in a judicial review, does a later enacted statute that provides a limited waiver of immunity for certain breach of contact claims against a local governmental entity, include breach of contract claims on contracts containing adjudication procedures stated in the contract or that are established by the local governmental entity and expressly or by reference incorporated into the contract, except to the extent the procedures conflict with the enacted statute?

GLF does not dispute that DART is an entity that enjoys governmental immunity from suit. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 661 (Tex. 2008). Thus, GLF bore the burden to allege a valid immunity waiver. *Whitley*, 104 S.W.3d at 542. Although GLF's petition doesn't allege a waiver, GLF's response to DART's jurisdictional plea invoked Texas Local Government Code § 271.152. That statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE § 271.152. This statute clearly and unambiguously waives a governmental entity's immunity from suit for breach of a written contract. *Williams*, 353 S.W.3d at 134.

DART doesn't argue that the trial court erred because GLF didn't plead § 271.152 in its petition or because § 271.152 isn't satisfied in this case. Rather, it makes these alternative arguments:

1. Section 271.152 doesn't apply here because (i) the contract was executed in 1999 (before the law's effective date) and (ii) DART waived its immunity to contract claims in this contract and its procurement regulations. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549 (§ 271.152 retroactive only if immunity was not waived before September 1, 2005). Because GLF didn't exhaust its administrative remedies under the contract and regulations, DART's immunity from suit isn't waived.

2. Alternatively, if § 271.152 applies to this case, § 271.154 makes exhausting contractual adjudication procedures a condition of the immunity waiver. Because GLF didn't exhaust those procedures, DART's immunity from suit isn't waived.

Thus, under either argument the ultimate question is whether DART established that GLF failed to exhaust the dispute resolution procedures established in the contract and DART regulations. Because we answer that question no, we need not decide whether § 271.152 applies retroactively to this case.

## B. Did DART establish that GLF failed to exhaust the contractual adjudication procedure?

No, because this lawsuit satisfies the contract's and regulations' plain language.

DART argues that GLF failed to exhaust the contractual adjudication procedure without clearly asserting what part of the procedure GLF neglected. Its briefing suggests that GLF failed to exhaust by failing to judicially appeal the administrative judge's decision within two years—even though the record shows that GLF filed this lawsuit within the two-year period. We gather that DART views GLF's lawsuit as insufficient because GLF didn't style its suit as an appeal, plead the limited grounds allowed under the regulations for challenging fact findings, or identify any legal errors in the administrative judge's ruling.

We reject DART's position because the regulations do not require such formalities. The regulations (and the contract) provide, "No action challenging [the administrative appellate] decision shall be brought more than two years from the

–7–

date of the contractor's receipt of such decision." Because GLF sued DART within two years after the judge made his ruling, the only question is whether under the regulations' plain language this is an action "challenging [the judge's] decision." To "challenge" means to dispute something, especially as being unjust, invalid, or outmoded. *Challenge*, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1985) ("to dispute esp. as being unjust, invalid, or outmoded"). Although GLF's petition doesn't expressly attack the decision's correctness, it requests a trial de novo and an award of compensatory damages, which allegedly exceed $37 million. Moreover, common sense suggests that GLF wouldn't have sued if it didn't dispute the administrative judge's decision.

We conclude that the petition challenges the administrative judge's decision within the plain meaning of the regulations and contract. Thus, DART's contention that GLF didn't exhaust the contractual adjudication procedure is without merit. Whether the regulations' limitations on judicial review of fact findings apply in this lawsuit—a matter the parties dispute—is not a jurisdictional question, and we express no opinion about it.

In summary, because DART didn't establish that GLF failed to exhaust the contract's adjudication procedures, we overrule DART sole issue.

## IV.  CONCLUSION

We affirm the trial court's order denying DART's jurisdictional plea.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190930F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS AREA RAPID TRANSIT
AUTHORITY, Appellant

No. 05-19-00930-CV          V.

GLF CONSTRUCTION
COMPANY, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-00448.
Opinion delivered by Justice
Whitehill. Justices Myers and
Reichek participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's August 1, 2019 Order on Defendant's Plea to the Jurisdiction.

It is **ORDERED** that appellee GLF Construction Company recover its costs of this appeal from appellant Dallas Area Rapid Transit Authority.

Judgment entered April 3, 2020