**AFFIRMED and Opinion Filed July 9, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00740-CV**

**CARLOS GREEN AND PAMELA GREEN, Appellants**

**V.**

**CITY OF DESOTO, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-16541**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

Appellants Carlos Green and Pamela Green sued the City of DeSoto alleging the City's negligent use or operation of motor-driven equipment caused flood damage to their home. They appeal the trial court's order granting the City's plea to the jurisdiction. Because the motorized equipment did no more than furnish the condition that caused the flooding, we affirm.

## Background

The Greens live in a hilly subdivision in the City. Their home sits lower than houses to the East and South of them. To prevent flooding, the subdivision had a

drainage system in which surface water flowed to an alleyway "built with a channel in the middle." Water flowed down the channel and eventually exited onto the Greens' street and safely into the City storm sewer. The Greens alleged that on June 2, 2021, the City's water department used motor-driven equipment—"a dump truck, tractor, backhoe and trackhoe"—to dig a deep hole in the alleyway behind their house to repair a sewer line. The City placed the dirt and debris removed to form the hole across the alleyway, where it formed a "dirt dam" several feet high that blocked the drainage channel. The first week of June 2021 was exceptionally rainy. On June 4, 2021, when rainwater reached the dirt dam, the drainage plan did not operate as intended and surface water from the subdivision was diverted onto the Greens' driveway and into their home. Their home flooded, causing severe property damage, anguish, inconvenience, and over $100,000 in repair and remediation costs.

The Greens alleged the City's governmental immunity was waived and the City was liable for their damages under section 101.021 of the Texas Tort Claims Act ("the Act"). Section 101.021 provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

–2–

(B) the employee would be personally liable to the claimant according to Texas law . . . .

Tex. Civ. Prac. & Rem. Code Ann. § 101.021. The Greens alleged the City, using motor-driven equipment, negligently placed the dirt and debris on the channel in the middle of the alleyway.

After filing an answer, the City filed a plea to the jurisdiction, arguing the Greens failed to establish a waiver of immunity under section 101.021 because the flooding had not arisen from the use of motor-driven equipment. Citing *Dallas, Garland & Northeastern Railroad v. Hunt County*, 195 S.W.3d 818 (Tex. App.—Dallas 2006, no pet.) ("*Dallas, Garland*"), the City asserted the Greens did not show the required nexus between the operation or use of the motor-driven equipment and their injuries because the equipment did not actually cause the injury. The Greens responded that the City's construction of a dam with motorized equipment caused the flooding in their home and the two-day delay between City's use of equipment and the flooding did not mean their damages did not arise from the equipment's use.

The trial court granted the City's plea to the jurisdiction and dismissed the Greens' claims with prejudice. The Greens filed a motion for new trial which was denied by a visiting judge. This appeal followed.

**Analysis**

Our opinion in *Dallas, Garland* is at the center of this appeal. The Greens concede the decision is "an impediment to their recovery." In two issues they argue

–3–

together, the Greens contend the trial court erred in granting the City's plea and argue *Dallas, Garland* was wrongly decided. We review the trial court's ruling de novo. *Paxton v. Simmons*, 640 S.W.3d 588, 598 (Tex. App.—Dallas 2022, no pet.).

In *Dallas, Garland*, a Hunt County road-maintenance crew performed work on a county road one morning. 195 S.W.3d at 819.[1] The road intersected Dallas, Garland & Northeastern Railroad's tracks. The crew used motorized equipment to fill in thinning areas of the road with surface rock and left four inches of road-base material on the Railroad's tracks. *Id.* Later that day, the Railroad's train derailed when it encountered the material. *Id.* The Railroad sued the County alleging a claim for negligence for damages arising from the use of a motor vehicle under the Act. *Id.* at 822. The trial court denied the County's plea to the jurisdiction. On appeal, this Court determined that damages caused by the derailment were not within the Act's waiver of immunity because motor-driven equipment did no more than furnish the condition that made the injury possible. *Id.* at 823. But because the Railroad's pleadings were broad enough to include a claim for damages *actually* caused by the use of the motor-driven equipment, including damages to rails or the crossing, we affirmed the denial of the plea "insofar as the Railroad alleges property damage that arises from the County's operation or use of a motor-driven vehicle or motor-driven

---

[1] The 2006 *Dallas, Garland* decision was our second opinion in that case. A few factual details referenced here are from our first opinion. *See Hunt Cnty. v. Dallas, Garland & Ne. R.R.*, No. 05-03-01587-CV, 2004 WL 1178609 (Tex. App.—Dallas May 28, 2004, no pet.) (mem. op.).

–4–

equipment." *Id.* at 819. On remand, the trial court granted summary judgment for Hunt County on the Railroad's negligence claim. *Id.* at 820.

On appeal a second time, the Railroad argued its damages included damages to its tracks that arose from the use of a motor vehicle. We reiterated our previous conclusion that the damages actually caused by the derailment were not within the Act's waiver of immunity. *Id.* at 823. We upheld the summary judgment because the evidence showed the damage to the tracks was caused by the derailment, not directly by the vehicles while placing the road-base material on the tracks. *Id.* In reaching this decision, we relied on the following language from the Texas Supreme Court:

> We have consistently required a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries. This nexus requires more than mere involvement of property. Rather, "the [vehicle]'s use must have actually caused the injury." Thus, as with the condition or use of property, the operation or use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes the injury possible."

*Id.* at 822–23 (citing *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003) (internal citations omitted)).

This case is materially indistinguishable from *Dallas, Garland*, and the Greens do not argue otherwise. In *Dallas, Garland*, the motorized equipment created the condition, road-base material on railroad tracks, that led to the derailment and the Railroad's damages. *Id.* Likewise, in this case, the Greens' damages were not caused directly by the motorized equipment. The City's equipment created the

–5–

condition, the dirt dam, that led to the flooding of the Greens' property and the Greens' damages. This is insufficient to create the required nexus between the City's use of motor-driven equipment and the Greens' damages.

The Greens argue *Dallas, Garland* was wrongly decided. They contend the decision engrafted extra-statutory requirements into the text of section 101.021. We, as a three-judge panel of this Court, are bound by the concept of horizontal *stare decisis* to follow materially indistinguishable decisions of earlier panels of this Court unless a higher authority has superseded that prior decision. *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022); *see Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Higher authority includes a decision from the United States Supreme Court, the Texas Supreme Court, the Texas Court of Criminal Appeals, an en banc decision of this Court, or an applicable legislative or constitutional provision. *Mitschke*, 645 S.W.3d at 256–57.

The Greens make one argument that could be considered a claim that a higher authority has superseded our decision in *Dallas, Garland.* They assert the 2019 Texas Supreme Court case of *PHI, Inc. v. Texas Juvenile Justice Department*, 593 S.W.3d 296 (Tex. 2019), mandates a different result in this case. In *PHI*, an employee of the Texas Juvenile Justice Department, a State agency, drove a van owned by the State to a hospital. *Id.* at 300. After dropping off passengers, the employee parked the van on an incline and exited the vehicle without setting the

emergency brake. *Id.* As he walked away, the van began rolling and crashed into a medical transport helicopter owned by PHI that was on the ground preparing for takeoff. *Id.* PHI sued the Department, alleging the Department was negligent in failing to engage the emergency brake. The parties' principal dispute was whether the damage to the helicopter arose from operation or use of the van. *Id.* at 302. The trial court denied the Department's combined plea to the jurisdiction and motion for summary judgment, and the court of appeals agreed the Act's waiver of immunity for operation or use of a motor vehicle did not apply because the vehicle was not in active operation or use at the time of the collision. *Id.* at 301. The supreme court reversed and remanded to the trial court because "ensuring that your car will not roll away after you leave it, including engagement of the emergency brake when necessary, is an integral part of the 'operation or use' of a vehicle." *Id.* at 303–04. PHI's allegation that the State employee negligently performed this essential and final aspect of driving the van fit within the parameters of section 101.021(1)(A). *Id.* at 304.

The Greens argue that like the trial judge in *PHI*, the trial court mistakenly required active operation of the motor-driven equipment. They assert *PHI* demonstrates that "just because damage occurs after the City's equipment is no longer in use does not mean that the damage didn't arise from its use." *PHI* is distinguishable and, if anything, supports the trial court's ruling in this case. Significantly, in *PHI*, the government vehicle *actually collided* with the plaintiff's

property. While the driver of the van was not in it when the collision occurred, he had just exited the vehicle and PHI alleged his use or operation of the van actually caused the injury. The *PHI* opinion reiterated that any purported statutory waiver of immunity should be strictly construed in favor of retention of immunity. *Id.* at 303. Nothing in *PHI* changes the fact that in this case the City's use of motorized equipment did no more than furnish the condition that led to the Greens' damages. The Greens have not demonstrated a waiver of governmental immunity. We overrule their two issues in this appeal.

We affirm the trial court's order granting the plea to the jurisdiction.


/Amanda L. Reichek/
AMANDA L. REICHEK
230740F.P05                          JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS GREEN AND PAMELA GREEN, Appellants

No. 05-23-00740-CV     V.

CITY OF DESOTO, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-16541. Opinion delivered by Justice Reichek. Justices Carlyle and Miskel participating.

In accordance with this Court's opinion of this date, the trial court's order granting the City of DeSoto's plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee the City of DeSoto recover its costs of this appeal from appellants Carlos Green and Pamela Green.

Judgment entered this 9th day of July 2024.