**Opinion issued August 12, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-20-00680-CV

———————————

## ANNICE HALE, Appellant

## V.

## HARRIS COUNTY TEXAS, Appellee

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-39373**

---

## MEMORANDUM OPINION

Appellant, Annice Hale, sued Harris County, alleging that the District Clerk's Office engaged in misconduct that affected her ability to prosecute a civil suit related to a car accident. In her sole issue, she asserts that the trial court erred in granting the County's plea to the jurisdiction. We affirm.

## Background

Annice Hale was the plaintiff in a lawsuit in Harris County, *Annice Hale v. AAA Texas & Susan Henderson*, No. 2018-480222 (165th Dist. Ct., Harris County, Tex.), in which she sought damages caused by a 2016 car accident (Original Lawsuit). Hale claims that, during the Original Lawsuit, the Harris County District Court Clerk's Office engaged in misconduct that hindered her prosecution of her claims.

Based on these claims, Hale filed the present suit against Harris County, Texas, and the Harris County District Clerk's Office, alleging that the Clerk's Office omitted pages from various filings, including executions and return of service, as well as medical records; omitted or altered the alignment of a section symbol on a summons she filed; and omitted the correct name of the defendants in the caption of her pleadings. Due to the alleged acts by the Harris County District Clerk's Office, Hale claimed that she suffered emotional anxiety and stress, as well as negative consequences in her Original Lawsuit. Hale claimed that, but for the omission of the correct name of certain defendants in her underlying suit, "Defendant would have had to plea(s) an affirmative defense after their answer as oppose [*sic*] to Motion for Summary Judgement"; that the District Clerk's forging and omitting medical records prohibited the trial court from considering those records; and that because the District Clerk's conduct included repeated violations, the damage to Hale was

2

foreseeable and the conduct therefore constituted gross negligence. Hale also claimed that the District Clerk had violated the duties of that office under Texas Government Code section 51.303, and therefore fell within the limited waiver of immunity provided by Texas Civil Practice and Remedies Code section 101.021 (the Tort Claims Act). In Hale's prayer for relief, she sought $3,500,000 per violation.

Harris County filed a plea to the jurisdiction. Harris County asserted that, by naming the Harris County District Clerk's Office as a respondent, Hale was attempting to sue a non-legal entity that lacked capacity to sue or be sued under Civil Practice and Remedies Code section 101.001(3). Harris County claimed that the District Clerk's Office is a department under the governance of Harris County, and therefore Harris County, as the other named respondent, included and represented the District Clerk's Office in its plea. Further, by suing Harris County, Hale was required to show that the sovereign immunity afforded to the County was waived as to her claims. Harris County further stated that Hale failed to point to any portion of the Torts Claim Act to support her assertation that the County had waived immunity for the claims in her suit. Therefore, the County argued that Hale had failed to assert a claim over which the trial court could exercise its jurisdiction and requested that the plea to the jurisdiction be granted and the suit dismissed with prejudice.

Hale responded by again asserting that the Tort Claims Act waived the County's immunity. She also reiterated the allegations included in her petition that

the District Clerk's office forged, altered, and omitted content from summons documents, omitted the execution of a return of service, "omitted the service return execution of Verification and Affidavit," and "omitted 50-page Exhibits of my medical records."

The trial court granted Harris County's plea to the jurisdiction and dismissed Hale's suit. This appeal followed.

**Plea to the Jurisdiction**

In her sole issue on appeal, Hale argues that the trial court erred in dismissing her claims based on the County's plea to the jurisdiction.

**A.     Standard of Review**

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction unless the State expressly consents to suit, and governmental immunity operates like sovereign immunity in providing similar protection to subdivisions of the State, including counties. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because governmental immunity from suit defeats a trial court's subject-matter jurisdiction, it may be raised in a plea to the jurisdiction. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *Sykes*, 136 S.W.3d at 638. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Clark*, 544 S.W.3d at 770; *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). "When a jurisdictional plea

4

challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Clark*, 544 S.W.3d at 770.

The burden is on the plaintiff to plead facts affirmatively demonstrating the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226. We review whether a trial court has subject matter jurisdiction under a de novo standard. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Miranda*, 133 S.W.3d at 226. In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999). "We construe the pleadings liberally in favor of the plaintiff[ ] and look to the pleader['s] intent." *Miranda*, 133 S.W.3d at 226.

## B.    Analysis

Hale pleaded causes of action for "omissions, acts and omissions, and acts of forging" or altering court documents and medical records that allegedly hindered her prosecution of her Original Lawsuit. She asserted that the District Clerk's Office engaged in conduct such as omitting pages from various filings, including executions and return of service, as well as medical records; omitting or altering content of certain documents; and omitting the correct name of the defendants in the caption of her pleadings. She asserts that these allegations fall within the limited waiver immunity provided by the Tort Claims Act. We disagree.

5

"The Texas Tort Claims Act provides a limited waiver of governmental immunity if certain conditions are met." *Sykes*, 136 S.W.3d at 638; *see* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025. It creates "a unique statutory scheme" in which "[s]overeign immunity to suit is waived and abolished to the extent of liability created by [the Tort Claims Act]." *Sampson v. Univ. of Tex.*, 500 S.W.3d 380, 384 (Tex. 2016) (quoting *Miranda*, 133 S.W.3d at 224, and citing TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025). Relevant here, the Tort Claims Act provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021; *see id.* § 101.025(a) (providing that sovereign immunity to suit is waived and abolished to extent of liability created by Tort Claims Act). Governmental units thus retain immunity from suit "unless the Tort Claims Act expressly waives immunity, which it does in three areas when the statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries

6

arising out of a condition or use of tangible personal property; and (3) premises defects." *Sampson*, 500 S.W.3d at 384.

None of Hale's claims fall within one of these areas. To the extent that Hale is alleging intentional conduct by the District Clerk's office, the State and its governmental units have explicitly retained immunity from intentional tort claims. The Tort Claims Act states that it does not apply to a claim "arising out of assault, battery, false imprisonment, or *any other intentional tort*. . . ." TEX. CIV. PRAC. & REM. CODE § 101.057(2) (emphasis added); *see City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014) (explaining that Tort Claims Act's "limited waiver does not apply to intentional torts"). None of Hale's negligence claims involve the use of an automobile or a premises defect. *See* TEX. CIV. PRAC. & REM. CODE § 101.021; *Sampson*, 500 S.W.3d at 384.

Finally, none of her claims allege an injury arising out of a condition or use of tangible personal property. The governmental unit must not only use the property, the property also must have actually caused the plaintiff's injury for the waiver of immunity to apply. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *see Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003) (holding that there must be nexus between use of property and plaintiff's injury, and that nexus requires more than mere involvement of property). If the use of the property merely furnishes a condition that makes the injury possible, rather than

causing it, then the government's sovereign immunity remains intact. *Whitley*, 104 S.W.3d at 543; *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Univ. of Tex. Med. Branch at Galveston v. Tatum*, 389 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Here, any personal property used by District Clerk personnel did not actually cause Hale's injuries; rather, they merely furnished the condition that made the alleged injury possible. *See Whitley*, 104 S.W.3d at 543; *see also Wije v. Burns*, No. 01-19-00024-CV, 2020 WL 5269414, at *6 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, pet. denied) (mem. op.) (holding that alleged misuse of "HR forms, computers, and computer networks" did not constitute "use of tangible personal property" that actually caused alleged injury because use of such items merely furnished condition that made injury possible).

Hale also cites Civil Practice and Remedies Code section 101.056, among other statutes, as a basis for subject-matter jurisdiction over her claims.[1] Section 101.056 provides that the Tort Claims Act does not apply to claims based on "the failure of a governmental unit to perform an act that the unit is not required by law to perform" or on "a governmental unit's decision not to perform an act or on its

---

[1] Hale also refers to "Local Government Code 51.303," but there is no section 51.303 in the Local Government Code. Government Code section 51.303 describes the duties and powers of a clerk of a district court, but nothing in that section can be construed as a waiver of immunity. *See* TEX. GOV'T CODE § 51.303.

failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.056. Nothing in this provision can be construed as a waiver of immunity.

Because Hale failed to plead a cause of action for which the County's immunity has been waived, the trial court properly granted the plea to the jurisdiction and dismissed her claims.

**Conclusion**

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Justices Kelly, Landau, and Hightower.