**Affirmed and Memorandum Opinion filed April 7, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00174-CV

## CAROLYN R. DAWSON, Appellant

## V.

## FORT BEND COUNTY, TEXAS, Appellee

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCV-279119**

## MEMORANDUM OPINION

Pro se appellant Carolyn Dawson appeals the trial court's interlocutory order granting appellee Fort Bend County's plea to the jurisdiction, arguing that governmental immunity did not apply because the Texas Tort Claims Act permitted her suit.[1] She also argues that although she sued and served the County,

---

[1] Dawson does not specifically describe her appeal as an interlocutory appeal. However, she describes her appeal as of "the Trial Court Order, dated March 29, 2021." The order signed by the trial court dismisses "all claims and causes of action asserted against Defendant Fort Bend County, Texas" and lacks language reflecting finality. *Lehmann v. Har-Con Corp.*, 39 S.W.3d

she intended to sue employees of the County. We affirm the order of the trial court.

## I. BACKGROUND

Dawson filed suit on December 14, 2020, naming Fort Bend County[2] and Kevin J. Pakenham[3] as defendants. As against the County, Dawson alleged tort claims "under the Tort Claims Act; Tex. Civ. Prac. & Rem. Code §101.021(1)(A); Tort Liability; § 34.061; Personal Property Liability; § 7.00l(a); Liability for Refusal or Neglect in Performance of Official Duties." The County is the only appellee in this proceeding.

Dawson's claims in this suit arise out of a separate forcible-detainer action

---

191, 200 (Tex. 2001) ("The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself."). Dawson also named Kevin J. Pakenham as a defendant and requested a citation for Pakenham. Though the clerk's record does not contain an appearance or answer by Pakenham, there is some indication that Pakenham appeared in the trial court. Therefore, the order granting the plea to the jurisdiction does not actually dispose of all claims and all parties, and it lacks language of finality. *See id*. We conclude the order of the trial court is an interlocutory order. We consider the merits of Dawson's appeal because the legislature has provided for appellate jurisdiction over an interlocutory order granting or denying a plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Because this is an interlocutory appeal of the trial-court order granting the plea to the jurisdiction, only that order is before this court. We do not remand the case to the trial court because the case is not before us.

[2] Dawson's live pleadings identify only "Fort Bend County, et al and Kevin J. Pakenham, et al" as defendants. Dawson's amended petition states that her suit was "a tort liability case for damages against the County Clerk, and Constable." At the hearing on the County's plea to the jurisdiction, Dawson stated that by adding the phrase "et al" after Fort Bend County she believed she had added applicable employees of Fort Bend County to the suit. In her amended complaint, Dawson states that she advised Officer Garza of the Fort Bend County Constable's Office, Precinct 4, that she intended to sue him. However, it is not clear whether she intended to sue Officer Garza specifically or the constable's office of which he was a part. With respect to the county clerk, Dawson does not identify any specific individuals whose intentional and unlawful actions form the basis of her claims. The clerk's record does not reflect that any individuals relating to her claims against the "Constable" or county clerk were named in the pleadings as parties, and the clerk's record does not reflect that any individuals, other than Pakenham, who is not alleged to be a County employee, were served or appeared in the suit.

[3] Pakenham's role is unclear. Though Dawson refers to Pakenham as "Landlord" in the first paragraph of her original petition, later in her original petition she suggests that he was not her landlord and that he "was not the sole owner of Dawson's property or a bona fide purchaser." In her first amended petition, Dawson does not refer to Pakenham as her landlord.

filed by Kevin Pakenham in justice court. Tex. Prop. Code Ann. § 24.004(a) (justice courts have original jurisdiction over forcible-detainer cases). Dawson appealed de novo to the County Court at Law No. 1 of Fort Bend County. Tex. R. Civ. P. 510.10 (appeal is trial de novo in county court). On July 31, 2019, the county court at law rendered what Dawson argues was an improper judgment in the forcible-detainer action.[4] *Pakenham v. Dawson*, No. 19-CCV-064653 (Cty. Ct. No. 1, Fort Bend Cty. July 31, 2019). The plaintiff, Pakenham, sought a writ of possession which was issued by the Fort Bend County Clerk on August 6, 2019. The office of the Fort Bend County Constable, Precinct 4, provided notice to Dawson that it would execute the writ on August 12, 2019. Though Dawson called and sent a letter to the constable's office asking for a delay of the execution, the writ was executed as planned. Following the execution on the writ, she alleges that her personal property was either taken by the constable or left outside in the rain and ruined. Dawson also alleges that the constable should have provided a portable, closed container for her belongings pursuant to Property Code section 24.0061(d-1). *But see* Tex. Prop. Code Ann. § 24.0061 (d-1) ("A *municipality may* provide . . . a portable, closed container into which the removed personal property shall be placed by the officer executing the writ or by the authorized person.") (emphasis added).[5] Dawson alleges in her petition that she notified a constable's deputy in September 2019 that he was going to be sued and requested statutory authority justifying his actions in evicting her.

The County responded and filed a plea to the jurisdiction, which was granted by the trial court. Dawson filed this interlocutory appeal. *See* Tex. Civ. Prac. &

---

[4] The ruling in the forcible-detainer action is not before us and has already been addressed by the First Court of Appeals. *See Dawson v. Pakenham*, No. 01-19-00572-CV, 2019 WL 5556577, at *1 (Tex. App.—Houston [1st Dist.] Oct. 29, 2019, pet. denied).

[5] *See* Code Construction Act, Tex. Gov't Code Ann. § 311.016(1) ("'May' creates discretionary authority or grants permission or a power.").

Rem. Code Ann. § 51.014(a)(8).

## II.    ANALYSIS

Dawson effectively brings two issues in this appeal:[6] (1) the trial court erred in granting the County's plea to the jurisdiction because governmental immunity was waived under the Texas Tort Claims Act and (2) the trial court erred in granting the County's plea to the jurisdiction on the basis that Dawson had not provided pre-suit notice as required by statute.

### A.    Standard of review

A plea to the jurisdiction is a procedural vehicle used to challenge the court's subject-matter jurisdiction over a claim. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004). We review a plea challenging the trial court's jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we do not consider the merits of the underlying claim; we consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When a plea to the jurisdiction challenges the claimant's pleadings, we determine whether the claimant pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the claimant should be afforded the opportunity to amend.

---

[6] We construe pro se pleadings and briefs liberally. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Pro se litigants must comply with all applicable rules of procedure and substantive law. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant represented self).

4

*Id.* at 226–27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the claimant an opportunity to amend. *Id.* at 227.

## B.    Governmental immunity

Sovereign and governmental immunity are common-law concepts that generally protect the State and its political subdivisions from the burdens of litigation. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)).

Governmental immunity has two components: "immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit implicates a court's subject-matter jurisdiction to decide a claim against a governmental entity. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). When a governmental defendant challenges jurisdiction on immunity grounds, the plaintiff has the burden to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Immunity is waived only by clear and unambiguous language. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.034 ("[A] statute shall not be construed as a waiver of [] immunity unless the waiver is effected by clear and unambiguous language.").

5

## C.     Dawson did not establish a valid waiver of immunity

We begin with Dawson's issue 1. Dawson's live pleadings assert unspecified tort claims against the County for its "intentional and unlawful action" in issuing the writ of possession and executing the writ of possession. As a result, Dawson alleges that her personal property was confiscated and/or abandoned. Dawson asserts that the trial court had jurisdiction over her tort claims pursuant to the waiver included in the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. However, she misreads the statute to provide a broad waiver and argued in her supplement to her amended complaint[7] that the word "operation" in the phrase "operation or use of a motor-driven vehicle" waived immunity for claims arising out of the operation of the County. She further argued that this waiver of immunity included claims for the "'refusal, or neglect in performance of official duties;' in accordance with Sec. § 7.00l(a); § 7.003; Execution of Writ liability[.]" Dawson provides no legal authority for this argument and Civil Practice and Remedies Code chapter 7 does not provide a waiver of governmental immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 7.001–.021.[8]

The Texas Tort Claims Act waives immunity in three general areas: use of publicly-owned vehicles, premises defects, and injuries arising from conditions or use of property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Dawson does

---

[7] Dawson's supplement to her amended complaint appears to be a response to the County's plea to the jurisdiction.

[8] Dawson also argues at times the applicability of section 101.0215, which addresses the liability of a municipality for its proprietary functions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215. However, the County is not a municipality and statutes relating to municipalities do not apply. *See City of Galveston v. Posnainsky*, 62 Tex. 118, 126 (1884) ("Counties . . . are created by the legislature by general laws without reference to the wish of their inhabitants, and thus for essentially public purposes," whereas cities are incorporated through special charters and are "enacted at the request of those who are to be most directly benefited by them and with a view to this end.").

not allege any facts related to the operation or use of a motor vehicle, a premises defect, or the use or misuse of real property owned or controlled by the County. Instead, she alleges that unnamed County officials either negligently performed their duties or committed intentional torts by not performing their legally required duties. To the extent that Dawson seeks to hold the County responsible for any intentional tort, the Texas Tort Claims Act does not waive immunity for the alleged intentional torts of the County or its employees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort[.]"). Therefore, Dawson has not brought her suit against the County within the waiver provisions of the Texas Tort Claims Act.

In her amended complaint, Dawson also relies on sections 7.001 and 34.061 in her attempt to establish a tort claim against the County and its employees. Tex. Civ. Prac. & Rem. Code Ann. §§ 7.001(a) (liability for refusal or neglect in performance of official duties), 34.061 (liability for property seized during execution). However, neither statute provides a waiver of governmental immunity for the County. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.034 ("a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"). Sections 7.001 and 34.061 contemplate an action against the officer only. *See e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 34.061 ("If an injury or loss to an interested party results from the negligence of the officer, the officer and his sureties are liable for the value of the property lost or damaged."). Therefore, Dawson has not established any waiver of governmental immunity applicable to her claims as to the County. Because we conclude that Dawson has not asserted any claims for which governmental immunity is waived, we need not address her argument that she provided pre-suit

notice of her claim complying with the Texas Tort Claims Act.[9] Tex. R. App. P. 47.

## III. CONCLUSION

Because appellant does not assert any claims against the County subject to a waiver of governmental immunity, we affirm the trial court's order as challenged on appeal.


/s/     Charles A. Spain
        Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

---

[9] The county also argues that because judicial immunity bars Dawson's claims against the county clerk and "The Constable," the County's governmental immunity is not waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.021(1)(B) (governmental unit is liable for property damage caused by wrongful act or omission or negligence of employee acting within scope of employment if, among other requirements, employee would be personally liable to claimant according to Texas law); *see also City of Houston v. Swindall*, 960 S.W.2d 413, 417 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("a governmental unit will be liable under respondeat superior only if the governmental unit's employee would be liable . . . [t]hus, if official immunity protects the governmental unit's employee, then the governmental unit retains its sovereign immunity"). This is one of multiple theories the county asserts to demonstrate the trial court lacked subject-matter jurisdiction over Dawson's claims. Subject to some qualifications, we agree with the County that the county clerk issuing a writ and a constable serving that writ are generally entitled to judicial immunity. *Swindall*, 960 S.W.2d at 417 ("Officers of the court, such as court clerks, law clerks, bailiffs, constables [serving] writs and court-appointed receivers and trustees have been accorded derived judicial immunity because they function as an arm of the court."); *see also Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1996, writ denied). However, we need not address this argument because we have already concluded that Dawson cannot establish the other requirements to waive immunity of a governmental entity under the Texas Tort Claims Act. *See* Tex. R. App. P. 47.1.