

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUS MASSEY JR., | § | No. 08-22-00090-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Three |
| EL PASO, TEXAS CITY ATTORNEY'S OFFICE, | § | of El Paso County, Texas |
| | § | (TC# 2021-CCV00636) |
| Appellee. | | |

## MEMORANDUM OPINION

Appellant Gus Massey Jr., appearing pro se, appeals the trial court's grant of a plea to the jurisdiction in favor of Appellee, the El Paso City Attorney's Office (the City). We affirm.[1]

## I. BACKGROUND

Both Massey's and the City's briefs recite a fact pattern without supported citation to the record. Our independent review shows those facts are not contained in the record. Because our

---

[1] Only the City requested oral argument by its appellee's brief, which we initially granted. Later, we vacated that setting and set this case for submission without oral argument. Massey then objected to the submission without oral argument. After examining the briefs, we conclude that oral argument is unnecessary because the dispositive issues have been authoritatively decided, the facts and legal arguments are adequately presented in the briefs and record, and our decisional process would not be significantly aided by oral argument. *See* TEX. R. APP. P. 39.1(b)-(d). We therefore overrule Massey's objection to the denial of oral argument.

review of the trial court's judgment is dependent on the record before the trial court, our factual background contains only those presented in the record before us.

On August 3, 2021, Massey filed a complaint in small claims court against the City. In its entirety, Massey described the basis of his claim as:

> On 8-03-19, I was walking back to vehicle (Parked at 6130 Montana), after dinner. Before I got back to vehicle, I was stopped and assaulted by EPPD Officer (Racial Stop) (My Civil Rights Violated). After stop, I realized $250 was missing, along with a 1878 CC Trade Silver Dollar Coin (AU-55 Grade) worth $9,700 and 1851 Seated Liberty Dollar Coin (AU-53 Grade) worth $9,300. Total Loss of $19, 250.

Massey sought relief in the form of damages in the amount of $19,250. After the City was served, it filed a plea to the jurisdiction asserting Massey did not have standing to sue and he failed to allege facts that affirmatively demonstrated a valid waiver of immunity. The City also asserted that, prior to filing his suit, Massey did not comply with pre-notice requirements pursuant to El Paso Municipal Code section 3.28.010. The Justice of the Peace Precinct Three granted the City's plea.

In November 2021, Massey filed a notice of appeal to County Court at Law Number Three of El Paso County, seeking to appeal the JP court's order granting the City's plea. The City responded to the notice of appeal entering a general denial and asserting Massey failed to establish a waiver of governmental immunity. Specifically, the City asserted Massey failed to meet the statutory prerequisites of the Texas Tort Claims Act by giving notice of his claim. Moreover, the City contended the El Paso City Charter section 1.5 provides "[n]o suit shall be instituted against the City unless the claimant shall aver and prove that previous to filing the original petition, the claim was presented to the City Council, and Council failed either to grant or act upon the claim in a timely fashion."

The trial court held a status hearing on the case in April 2022. The trial court asked Massey if he did what was required under the City Charter and whether he had proof. Massey responded that he reported the conduct to the El Paso Police Department Internal Affairs. He stated he also contacted the City Attorney directly and was told he could not proceed any further in taking the issue to City Council because Internal Affairs had not investigated the incident. Massey asserted that the report to Internal Affairs acted as a replacement of the notice requirement. The City responded that Massey did not comply with the claims process and a complaint to Internal Affairs would be a separate process apart from giving the City notice about a claim for money damages. The City asserted the courts do not have jurisdiction because of the circumstances of the case. Massey stated he contacted the City Attorney's office and was told he could not proceed with any claim. Massey contended he did all he was supposed to do and by the time the Internal Affairs investigation was completed, the 180-day notice requirement had passed. Massey contended he understood the process and attempted to follow the process, but the City "set up roadblocks [by] not allowing [him] to even get the claim initiated." At the end of the hearing, the trial court decided it did not have jurisdiction. The trial court then signed an order dismissing Massey's claim.

This appeal followed.

## I. DISCUSSION

Massey presents three issues on appeal: (1) whether the trial court has jurisdiction to hear claims or assertions involving inverse condemnation; (2) whether the trial court has jurisdiction to hear a case where sovereign immunity may not apply due to the claimant satisfying the requirements of the Texas Tort Claims Act; and (3) whether a trial court has jurisdiction to hear a case when the City strays from its own guidelines by first requiring said claimant to wait for an

internal affairs investigation before being allowed to proceed with the filing of a claim with the City council for disposition.

As we construe these issues, Massey's first issue argues in support of a constitutional claim for inverse condemnation, while his second and third argue in support of jurisdiction based on provisions of the Texas Tort Claims Act. We consider the first issue on its own and address the second and third issues together.

## II. THE INVERSE CONDEMNATION CLAIM

In his first issue, Massey asserts the trial court has jurisdiction to hear claims involving allegations of inverse condemnation. Massey argues the police officers' action of picking up his personal items and throwing them in the trash was an intentional taking of his personal property by a governmental entity for public use. We disagree with Massey's characterization of how he pled and argued his claim in the trial court.

Article I, § 17 of the Texas Constitution provides that "[N]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." *See* TEX. CONST. art. I, § 17. Generally, a takings claim consists of three elements: "(1) an intentional act by the government under its lawful authority, (2) resulting in a taking, damaging, or destruction of the plaintiff's property, (3) for public use." *City of El Paso v. Ramirez*, 633 S.W.3d 246, 254 (Tex. App.—El Paso 2021, pet. denied); *See also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 483-84 (Tex. 2012). To prevail, a plaintiff must prove there was an affirmative act intentionally committed by the entity that causes identifiable harm, or that the government knows that specific harm is substantially certain to occur to specific property and the taking, damage, or destruction was for public use. *Ramirez*, 633 S.W.3d at 254.

4

Here, Massey argues for the first time on appeal that "the El Paso Police Department gave [him] no notice of the taking of his property, and furthermore, offered no monetary compensation to [him] for [ ] any of the property (Antique Silver Dollars) taken by EPPD on this day." Based on this argument, he asserts he alleged an inverse takings claim for which immunity is waived. We conclude that no allegation of an inverse condemnation or takings claim, nor facts in support of such claim, were either pled or otherwise presented to the trial court. At most, Massey's single paragraph petition alleged he was stopped and assaulted by EPPD Officers, and afterwards, he "realized $250 was missing, along with a 1878 CC Trade Silver Dollar Coin (AU-55 Grade) worth $9,700, and a 1851 Seated Liberty Dollar Coin (AU-53 Grade) worth $9,300." He neither cites directly to Article I, § 17 of the Texas Constitution, nor makes any passing reference to property being taken for a public use. The City's plea to the jurisdiction upon which the trial court issued its ruling includes no language whatsoever addressing a constitutional claim. Lastly, no claim of taking of property for public use was raised during the trial court's hearing. "As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (citing *Wood v. Wood*, 320 S.W.2d 807, 813 (Tex. 1959)). Accordingly, because our record contains no indication that a taking claims was ever presented or argued to the trial court, we decline to address it here in the first instance.

We overrule Massey's first issue.

## IV. CLAIMS UNDER THE TEXAS TORT CLAIMS ACT

In his second and third issue, Massey asserts the trial court has jurisdiction over his claims under the Texas Tort Claims Act because he satisfied the necessary requirements. He further asserts the City strayed away from its own specific process and should not be allowed to file a plea to the jurisdiction.

5

## A. Standard of review and applicable law

A plea to the jurisdiction is a procedural vehicle to challenge the court's subject-matter jurisdiction over a claim. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004). We review a plea challenging the trial court's jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When reviewing a plea to the jurisdiction, we do not consider the merits of the underlying claim. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Rather, the purpose of a dilatory plea establishes a reason why the merits of the plaintiff's claim should never be reached. *Id.* We determine whether the claimant pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Miranda*, 133 S.W.3d at 226. In instances where the plaintiff fails to plead sufficient facts to affirmatively demonstrate the trial court's jurisdiction but does not affirmatively demonstrate incurable defects in jurisdiction, we should afford the claimant the opportunity to amend. *Id.* at 226–27. But when the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the claimant an opportunity to amend. *Id.* at 227.

Sovereign and governmental immunity are common-law concepts that generally protect the State and its political subdivisions from the burdens of litigation. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011).

There are two components of governmental immunity: "immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars

6

suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit implicates a court's subject-matter jurisdiction to decide a claim against a governmental entity. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). When jurisdiction is challenged on immunity grounds, the plaintiff has the burden to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

## B. Analysis

The Texas Tort Claims Act (TTCA) allows claimants to sue the state or other certain governmental units through the Act's limited waiver of sovereign immunity. *See Miranda*, 133 S.W.3d at 224. Under the TTCA, the City is a governmental unit and enjoys immunity from: (1) intentional torts; and (2) suits for negligence unless the action involved the use of publicly owned vehicles, premises defects, or injuries arising out of the conditions or use of tangible, personal property. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.057(2). The three general areas in which immunity has been waived are: (1) property damage, personal injury, and death caused by an employee's use of a motor-driven vehicle; (2) personal injury and death caused by a condition or use of tangible personal property; and (3) personal injury and death caused by a condition or use of real property. *See id.* § 101.021. The TTCA also includes a notice provision which must be complied with in order for jurisdiction to be properly invoked. *See id.* § 101.101; TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

Here, Appellees assert the trial court's judgment should be affirmed because the TTCA did not waive immunity for Massey's asserted claim.[2] By Massey's petition, he did not cite to the TTCA or otherwise state how governmental immunity was waived. Interpreting his arguments liberally, Massey contends officers with the El Paso Police Department "stopped and assaulted" him which resulted in him missing his personal items. Massey failed to plead that any of his injuries were the result of the City's operation of a motor vehicle, premises defect on the City's property, or the condition of tangible, personal or real property that the City was responsible for. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Rather, his pleadings only assert an allegation of an intentional tort of assault, to which the Act does not apply. *See Id*. § 101.057; *see also Lopez v. City of El Paso*, 621 S.W.3d 762, 767 (Tex. App.—El Paso 2020, no pet.) (concluding no waiver of immunity for alleged claims of intentional torts of assault and battery).

Massey's factual allegations in his brief asserts the officers ran over his personal property could constitute a "[c]ity [v]ehicle causing damage to personal property" or "a [t]angible [o]bject causing damage to one's personal [p]roperty." These arguments were never presented to the trial court, and thus, we cannot review them on appeal. Moreover, we look to the substances of the pleadings and not appellant's characterization of them. *Lopez*, 621 S.W.3d at 767. In this case, the substance of Massey's contention that the City used a city vehicle to damage his personal property is an intentional tort, not negligence. *Id.*

Because Massey failed to allege facts that affirmatively demonstrated the trial court's jurisdiction to hear the cause, we conclude he has not established a cause of action under the Tort

---

[2] We note the City only argued lack of notice as a basis for its plea to the jurisdiction before the trial court. However, subject-matter jurisdiction is an issue that may be raised for the first time on appeal, and it may not be waived by the parties. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d at 445. For this reason, we address the pleaded claim first.

Claims Act. *See Miranda,* 133 S.W.3d at 226 (plaintiff has initial burden to plead facts affirmatively showing trial court has subject-matter jurisdiction). As guided by our highest court, a remand should be denied if "the plaintiff would be unable to show the existence of jurisdiction" on remand. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). Here, because Massey complains of an assault, we conclude that remand would not be appropriate.

We overrule Massey's second and third issue. We do not reach Massey's arguments on actual notice. *See* TEX. R. APP. P. 47.1.

## V. CONCLUSION

Finding no error, we affirm.

GINA M. PALAFOX, Justice

April 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

9